# Z. DRUON v. J. W. SULLIVAN ET AL.

GENERAL TERM, 1891.

*Equity.    Cancellation of written instrument.    Multiplicity of suits.*

1.  The remedy by cancellation is exclusive in courts of equity; but it will not ordinarily be applied in case of a non-negotiable personal contract where the wrong complained of can be made available as a complete defence to a suit at law upon the instrument.
2.  That the instrument will not necessarily be identified by the record in the suit at law is no ground for the jurisdiction of equity.
3.  Nor does the fact that two suits in the name of two different plaintiffs will lie upon the instrument create a multiplicity of suits.

Bill for the cancellation of a written instrument. Heard at the April term, 1889, Franklin county, upon demurrer to the bill for want of equity. ROWELL, chancellor, overruled the demurrer and decreed for the orator. The defendants appeal.

*D. J. Foster* for the defendants.

In cases of concurrent jurisdiction the court first taking jurisdiction of the case will retain it unless there is some special reason to the contrary. *Stearns* v. *Stearns*, 16 Mass. 171; *Mallet* v. *Dexter, Admr.*, 1 Curtis C. C. 178; *Glastenbury* v. *McDonald*, 44 Vt. 450; *Bank of Bellows Falls* v. *R. & B. Rd. Co.*, 28 Vt. 470.

There is no special reason in the case at bar. The rem-

edy of the orator by a defence to the suits at law is ample. *Threlfall* v. *Lunt*, 7 Sim. R. 27; *Currier* v. *Rosebrooks*, 48 Vt. 34; *Phœnix Ins. Co.* v. *Bailey*, 20 U. S. 501 L. C.; *Grand Chute* v. *Winegar*, 21 U. S. 174 L. C.; *Safford & Co.* v. *Gallup*, 53 Vt. 291; *Marble and Slate Co.* v. *Adams*, 46 Vt. 496; *Durkee* v. *Durkee*, 59 Vt. 70; *Barrett* v. *Sargeant*, 18 Vt. 365; *Anthony* v. *Valentine*, 130 Mass. 119; *Fuller* v. *Percival*, 126 Mass. 381; *Glastenbury* v. *McDonald*, 44 Vt. 450; *Morse* v. *Morse*, 44 Vt. 84.

There is no multiplicity of suits. *Phœnix Ins. Co.* v. *Bailey*, 20 U. S. 501 L. C.; *Anthony* v. *Valentine*, 130 Mass. 119; *Threlfall* v. *Lunt*, 7 Sim. R. 627; *Venice* v. *Woodrull*, 62 N. Y. 462.

*Stephen E. Royce* for the orator.

Equity has jurisdiction upon the ground of a multiplicity of suits. *Maher* v. *Mutual Electric Mfg. Co. et al.* (N. J.), 17 Atl. Rep. 968; Pom. Eq. Jur., ss. 243, 245, 269.

Or for the cancellation of the instrument. Pom. Eq. Jur., ss. 171, 188, 221, 870; 5 L. R. An., 226 n.

Having this power the court should exercise it; for to leave this instrument in the hands of the defendant works a hardship upon the orator. *Taylor* v. *Gilman*, 25 Vt. 411; *Morse* v. *Morse*, 44 Vt. 84; *Abbott* v. *Kimball*, 19 Vt. 551; *Glastenbury* v. *McDonald*, 44 Vt. 450; Pom. Eq. Jur., ss. 1362, 1363, and n. 3; *McHenry* v. *Hazard*, 45 N. Y. 580; Sto. Eq. Jur., ss. 699, 700, 700 a, 701, 703, 705; Stewart's Appeal, 15 Am. L. R., N. S., 312; *Dennison* v. *Yost*, 61 Neb. 6.

MUNSON, J.  The important facts stated in the bill and conceded by the demurrer are, that in 1884 one John Brown, who was about to leave the country for a considerable absence, left with the orator the sum of three hundred dollars;

that the orator was to hold this sum in trust, to return to said Brown if he should call for it, and to divide equally between his two children, the defendants, Mary Ann Sullivan and Thomas H. Brown, if he should die abroad leaving it in the orator's hands ; that the orator gave said John Brown a receipt, "specifying that the orator had received said sum as aforesaid ;" that after said Brown's return there were certain other transactions between him and the orator, from which a balance of two hundred dollars was found due to Brown ; that the orator thereupon gave said Brown his promissory note for five hundred dollars, which covered the above balance and the three hundred dollars evidenced by said receipt; that after said Brown's decease the orator paid to his administrator and heirs the amount of said note, and received and cancelled the same ; that when said note was given the orator inadvertently neglected to take up and cancel said receipt, and that he understands it has since been found among the papers of the deceased, and is now in the possession of the defendants ; that two suits in general assumpsit have been brought against the orator to recover the moneys specified in said receipt, one in favor of Mary Ann Sullivan, returnable in the county of Chittenden, and one in favor of Thomas H. Brown, returnable in the county of Franklin. The orator prays that the defendants be enjoined from the further prosecution of these suits, and from parting with the possession of said receipt, and that they be required to deliver up said receipt for cancellation.

The jurisdiction of equity to grant the remedy of cancellation is exclusive and unquestioned. Its jurisdiction in this behalf will always be exercised when the remedy is sought for the protection or support of an equitable right or interest. But when the remedy is sought in aid of a right which is available in a suit at law, the jurisdiction will not be exercised unless the legal remedy is deemed inadequate. Pom. Eq. Jur., ss. 221, 303, 914, 1363, 1377. It is true that a

defence available at law, and in its nature adequate, is some-times deemed an insufficient remedy, because of dangers which may arise from a delay in the prosecution of the claim. But no room is left for an exercise of the jurisdiction on this ground when there is an action at law pending in which the defence can be made without delay. Pom. Eq. Jur., ss. 179, 1363; *Bank of Bellows Falls* v. *Rutland & Burlington R. R. Co.*, 28 Vt. 470. The facts stated in this bill will afford the orator a complete defence in the suits pending at law; and if he is entitled to invoke the jurisdiction of equity it must be upon the ground that judgments at law would not give him adequate protection. The orator insists that the suits brought against him, while proper for the recovery of the demands evidenced by the receipt, are of such a character that their determination will not protect him from further danger if the receipt be suffered to remain uncancelled.

In cases where negotiable securities are claimed to have been obtained by fraud or conversion, the remedy of cancellation will not ordinarily be granted unless applied for before the paper has matured. Pom. Eq. Jur., s. 221. Some of the circumstances which may induce a court of equity to grant this protection against negotiable paper which has matured were considered in *Glastonbury* v. *McDonald's Admr.*, 44 Vt. 450. It is said to be a rule generally adopted that a bill will not be sustained to cancel an executory, non-negotiable, personal contract, where the wrong complained of may be set up as a defence at law, unless there are "special circumstances which would prevent the defence from being available, adequate and complete." Pom. Eq. Jur., s. 914 n. It is not claimed that the case presented by the bill discloses any circumstances of this character except such as arise from the fact that the instrument is one that need not be specially declared upon.

The writing in question is evidently a non-negotiable

paper, acknowledging the receipt of certain moneys, to be accounted for as therein stated. It is not a writing which it is essential to describe in the declaration; and it doubtless might be used in support of the action without being made a part of the files. It is claimed, therefore, that after judgments in the suits at law, the receipt might remain in the possession of the defendants without there being anything in the judgment records to show that it had been the subject of adjudication; and that the danger to which the orator would be exposed by the continued existence of the receipt under these circumstances is a sufficient ground for withdrawing the litigation from the courts of law. It is claimed in effect that the equitable power of cancellation should be exercised in all cases where the declaration at law is such that the record of the judgment will not show that the instrument was embraced in the adjudication.

The most that can be suggested in support of an exercise of the jurisdiction in this case is, that the defendants may endeavor to sustain their suits without producing the receipt; that if the receipt be used the records will not identify it as the one produced in support of the claims; that it cannot be made a part of the files in both cases, and may not be left in the files of either; that if left in the possession of the defendants they may hereafter produce it in support of a further demand; that it may in course of time fall into other hands and be made the basis of other suits in defendants' names. It will be seen that the danger is found by supposing something entirely at variance with the usual course of proceedings.. Ordinarily such a receipt will be produced in evidence, and when produced will be marked as an exhibit in the case, and if withdrawn for other use will carry with it the marks of its connection with that case. Moreover, upon a call for a specification such a receipt would ordinarily be referred to in the specification furnished as fully as a promissory note would be. If a specification of this character

should not be · furnished under the rule, it is to be expected that upon proper application the law court would take such action as would result in placing in the files a complete description of the receipt. In view of all this, it cannot fairly be urged that judgments in the suits at law will not afford the orator adequate protection. If upon a proper application the law court should fail to procure the filing before trial of a specification of the character indicated, the orator might then be entitled to equitable interference.

Suggestions similar to those relied upon by the orator might be made in regard to promissory notes. A note is frequently the basis of more than one suit. The debt evidenced by it may be recovered under the common counts. The note may not be properly marked, or preserved in the files, or identified by specification. There is always a possible danger that a promissory note recovered upon in general assumpsit, and not actually destroyed or cancelled, may, through some carelessness or corruption, pass from official custody and be made the basis of another suit. But remote possibilities of this character are not a sufficient ground for granting the aid of equity in derogation of the jurisdiction of courts of law. The jurisdiction of cancellation should be exercised only in cases where there is some reasonable apprehension of danger. The remedy at law is adequate if it leaves no reasonable ground for apprehension. It is difficult to say, upon the facts stated in this bill, that there is any reason to apprehend that the orator will be exposed to danger because of this receipt after the determination of the suits at law, unless from a lack of vigilance in the conduct of his defence. We do not consider the suggestions made sufficient to justify the adoption of a rule which would serve in a considerable class of cases to transfer the litigation from the county of the plaintiff to that of the defendant, and from the forum of a jury to that of a master.

Nor do we think the case presents such a multiplicity of suits as will justify the interference of equity. The subject matter of the litigation is not one that permits of actions by a considerable number of persons, or of successive actions by the same person. The orator is sued by two persons who hold separate demands against him, evidenced by his personal obligation. We do not think the fact that the orator's acknowledgement of these separate demands is contained in the same writing entitles him to equitable relief against the two suits.

*Decree reversed, demurrer sustained and cause remanded.*

Taft, J., dissents.

NOTE.—Arguments were had in this case at the Franklin county term in 1890, and at the general terms in 1890 and 1891. The agreement of a majority to a disposition of the case was first obtained at the general term in 1893.