NEW YORK & PENNSYLVANIA CO. et al. v. DAVIS, Director General of Railroads and Agent, et al.

(Circuit Court of Appeals, Third Circuit. January 7, 1926.)

No. 3340.

Payment ⚖⇒12(5)—Shippers held not entitled to recover, on account of depreciation of Canadian currency, portion of joint rates paid to terminal carrier in United States.

Where shippers from Canada into United States, under bills of lading calling for payment of freight in dollars, without protest paid joint freight rates to terminal carrier, who in turn paid part of freight so collected to Canadian carriers, *held*, shippers could not thereafter, on theory that Canadian carriers, instead of being paid in money of United States, should have been paid in Canadian money or exchange, which was at some 15 per cent. depreciation, require carrier collecting charges to account for such 15 per cent.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by the New York & Pennsylvania Company and others against James C. Davis, Director General of Railroads and Agent of the United States, and the Pennsylvania Railroad Company. From a decree (2 F. [2d] 858) dismissing the bill, plaintiffs appeal. Affirmed.

Arthur B. Hayes, of Washington, D. C., and Thomas D. McGlathery, of Philadelphia, Pa., for appellants.

John Hampton Barnes and Sharswood Brinton, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below certain shippers of wood pulp from Canada to the United States filed a bill in equity against the Director General of Railroads and the Pennsylvania Railroad Company to account for and repay to them alleged overcharges of freight on their shipments. On motion of the defendants the court dismissed the bill, whereupon this appeal was taken. Several questions—the misjoinder of plaintiffs having several rights of action; the nonjoinder of defendants, in whose absence no proper decree could be made; the lack of jurisdiction of the court—are here involved, but, without passing on them, we turn to the question whether the plaintiffs, on their own showing, are entitled to equitable relief.

Briefly stated, the facts are: The plaintiffs at points in Canada shipped by rail carloads of wood pulp to various points in the United States. The cars were consigned to themselves, and they received bills of lading providing for the payment of the freight in dollars. On the arrival of the freight at the specified stations of the Pennsylvania Railroad, they paid to Director General Davis while that road was operated by the government, and to the railroad at other times, the freights specified in dollars in the bills of lading. These payments were made without protest, and without notice to the Director General, or the Pennsylvania Railroad, that there was any objection to the part of the joint tariff rate charged by the Canadian railroad. Accordingly the Director General, or the railroad, remitted to and paid such share of the joint tariff to the Canadian road, and retained only the freight they were required by their own tariff rates to collect. It is now claimed that the defendants, instead of paying the Canadian roads their freight in United States money, should have paid them in Canadian money or exchange, which was at some 15 per cent. depreciation, and because they did not do so they are now accountable for such 15 per cent., which they should have retained and returned to the shippers.

Do such facts warrant a decree for an accounting? The basic element of this situation is the bill of lading, which evidences the contract of the parties. It called for the payment of freight in dollars. What that contract meant was evidenced by the action of the parties, which was that the shipper paid and the railroad collected the entire freight in United States money. That money was impressed by no accountability of the railroad to the shipper. They had paid the money voluntarily. On the strength of their payment the railroad had surrendered the freight. The parties had by their acts construed the contract, and relying on such joint construction and action the railroad had changed its position by surrendering for itself and the Canadian railroad the freight, and had parted with the money collected by remitting it to the Canadian railroad. The transaction ended, was acted upon, and the situation changed, without notice from the shipper that the performance of the contract thus made was not the fulfillment thereof.

Such being the case, how can the shipper who had thus acted repudiate what he had done and charge the railroad with failing to do what it had virtually, by its acquiescence, invited it to do? If it had paid

under protest, or if the money yet remained in the hands of the defendants, the plaintiffs might have some warrant for asserting their supposed rights; but where, as here, the money has been paid to the Canadian road, and where that road is not a party to this bill, and no relief is sought against it, clearly it is against reason that at this late date, when the status of the parties has been brought about by the actions of the plaintiffs, equity should be called on to make the Pennsylvania an accountant for funds it has not in its possession, and which by the voluntary action of the plaintiffs the defendants received, with the intent that it should be paid over to the Canadian railroad, the other party to the plaintiffs' contract of shipment. A statement of the facts is a demonstration of the plaintiffs' lack of ground to appeal to a court of equity.

The decree below is affirmed.