**MOUNTAIN LUMBER CO. et al. v. DAVIS, Director General of Railroads, et al.***

(Circuit Court of Appeals, Second Circuit. February 8, 1926.)

No. 194.

**1. Courts ⊜289—Federal jurisdiction is properly invoked in action against Director General and railroad for overpayment of freight charges during federal control, and after cessation of such control (Interstate Commerce Act [Comp. St. § 8563 et seq.]).**

Federal jurisdiction is properly invoked in action under Interstate Commerce Act (Comp. St. § 8563 et seq.) against Director General of Railroads and railroad for alleged overpayment of freight charges during federal control, and after cessation of such control.

**2. Equity ⊜51(1)—That parties had an interest in determination of same legal proposition held no ground for joinder in suit in equity to recover overpayment of freight charges, even though multiplicity of suits might be avoided, where parties' legal interests were separate, and based on distinct transactions.**

In consignee's suit in equity against Director General of Railroads and against carrier for alleged overpayment of freight charges during federal control, and after cessation of such control, that all parties had an interest in determination of same legal proposition *held* no ground for joinder, even though multiplicity of suits might be avoided, where their legal interests were separate and distinct, and based on distinct transactions.

**3. Payment ⊜89(4)—Consignees, not negativing voluntary payment in United States money on through shipments from Canada, could not recover as overcharge difference between money paid and carriage charge in Canada.**

Consignees, paying through rate in United States money on shipments of pulp wood from Canada into United States, *held* not entitled to recover as overcharge difference between amount paid in United States and charge for

*Certiorari denied 46 S. Ct. 488, 70 L. Ed. —.

carriage in Canada in depreciated Canadian currency, in absence of allegation that they had paid involuntarily, or had notified carrier of their claim before latter paid over alleged overcharge to Canadian carrier, or while it still had money in hand.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the Mountain Lumber Company and others against James C. Davis, Director General of Railroads and Agent of the United States, and another. From a decree of dismissal (9 F.[2d] 478), plaintiffs appeal. Affirmed.

See, also, 8 F.(2d) 662.

· George E. Nelson, of New York City, and Arthur B. Hayes, of Washington, D. C., for appellants.

Walter C. Noyes, of New York City (George H. Richards and Robert B. Cumming, both of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MACK, Circuit Judges.

MACK, Circuit Judge. By bill in equity several separate consignees, who are likewise shippers, seek an accounting from the Director General of Railroads in respect to alleged overpayment of freight charges on numerous separate shipments of over 2,700 cars of wood pulp, made during the period of federal control, and from the Delaware & Hudson Company on numerous other similar separate shipments made after the cessation of such control.

Federal jurisdiction is expressly based upon the ground that the action arises under the Interstate Commerce Act (Comp. St. § 8563 et seq.) and also upon diversity of citizenship; equity jurisdiction upon the need of accounting, inadequacy of legal remedy, and avoidance of a multiplicity of suits, since but one issue, it is alleged, is presented for determination.

All of the shipments are charged to have been made from points in Canada to points in New York on through bills of lading and on through rates, contained in tariffs issued by the Canadian carriers and filed with the Board of Railway Commissioners for Canada and with the Interstate Commerce Commission of the United States; that this transportation charge was participated in by the carriers of each country; that part of this transportation service was rendered by the Canadian carriers in Canada, and part by defendants in New York, but that the basis of division of the charges was unknown to plaintiffs.

It is further charged that payment for the entire service as to each shipment during each of the two periods was made to the defendants, respectively, as to its period of operation in money of the United States in response to a demand therefor from the delivering carrier; that Canadian money during both periods had a depreciated value as compared to United States money of from 3 per cent. to 18 per cent.; that for the service within Canada the Canadian carriers could demand only the published charges in Canadian money; that by payment to defendants of the entire charges in United States money, plaintiff paid more, and in demanding United States money defendants demanded more, than the published tariff charges, and thus received overcharges, recognized as such in orders of the Board of Railway Commissioners of Canada.

[1] It is further averred that the freight charges, paid by the plaintiff, for whose use the shipments were made either by itself or by one of the coplaintiffs, became part of a general transportation fund of defendants, from which settlements were made at stated periods by defendants with all participating carriers. A motion to dismiss was properly sustained. Federal jurisdiction is clear; the bill, however, is defective, not only because of misjoinder of plaintiffs and of misjoinder of defendants, but for want of equity.

[2] That each of the parties plaintiff and each of the parties defendant has an interest in the determination of the same legal proposition is no ground for joining them in one suit in equity; their legal interests are separate and distinct; there is no single cause of action, but a number of causes of action based upon distinct transactions; neither as to plaintiffs nor as to defendants is this in the nature of a class suit. If each of the two defendants has wrongfully demanded and compelled an unauthorized payment to it by each of the plaintiffs, there is an adequate remedy against and to each of them respectively; the similarity of the alleged wrong furnishes no basis for a joinder of the parties either plaintiff or defendant, either at law or in equity, even though a multiplicity of suits might thereby be avoided.

But if the bill were by one of the plaintiffs against one of the defendants, it would be fatally defective, whether as a suit in equity or an action at law. In substance the charge is that defendant demanded and received from plaintiff United States money in payment of a through rate, expressed in the

tariff as payable in "dollars"; whereas its principal, the Canadian carrier, as to its part thereof, was legally entitled only to Canadian dollars, less in value than United States dollars, thus causing an overpayment.

[3] But whatever the merits or demerits of this contention might be if it were also charged that plaintiff had protested, or had paid involuntarily, or had notified defendant of its claim before the latter, pursuant to the intention of plaintiff in making payment, had paid over the alleged overcharge to the Canadian carrier, or while it still had the money in hand, we concur with the Third Circuit Court of Appeals in New York & Pa. Co. et al. v. Davis et al., 9 F.(2d) 911, October term, 1925, in holding that, in the absence of such allegation, no cause of action is stated.

Decree affirmed.