INDEMNITY INS. CO. OF NORTH AMERICA v. SCHOOL DIST. NO. I, STOCKBRIDGE TP., INGHAM. COUNTY, MICH., et al.

No. 6153.

Circuit Court of Appeals, Sixth Circuit.
March 16, 1933.

J. R. Breakey, Jr., of Detroit, Mich. (Bishop & Weaver, of Detroit, Mich., on the brief), for appellant.

Wm. Wirt King, Jr., of Jackson, Mich. (Bisbee, McKone, Wilson & King, of Jackson, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellant brought its action in the District Court for the delivery into court and cancellation of a certain bond executed by it for the faithful performance of a building construction contract between one D. D. Alderdyce and the defendant school district No. 1, and to enjoin the further prosecution of various actions at law, founded upon the obligation of the bond and then being prosecuted in the state courts by the other named defendants. The building has been entirely completed and the alleged ground for cancellation is that the plans and specifications, as ultimately covered by the construction contract, had not received the approval of the superintendent of public construction of the state of Michigan as required by statute. Equity jurisdiction is said to be founded upon the avoidance of a multiplicity of suits, and federal jurisdiction is asserted upon the ground of diversity of citizenship. None of the claims of the separate defendants exceeds $3,000 in amount, exclusive of interest and costs, although the aggregate exceeds this amount. The bill was dismissed by the District Court for want of the requisite jurisdictional amount in controversy.

We are of the opinion that, in the absence of an allegation of conspiracy, the decree of the District Court must be affirmed upon authority of Sovereign Camp, Woodmen of the World, v. O'Neill, 266 U. S. 292, 45 S. Ct. 49, 69 L. Ed. 293. See, also, Elliott v. Empire Natural Gas Co., 4 F.(2d) 493 (C. C. A. 8). Had it been alleged that execution of the bond had been secured by fraud on the part of the school board, or had cancellation been sought because of some factor invalidating and avoiding the bond ab initio, and the suit in either instance had been timely, it may be that the face of the bond, as indicating the possible extent of liability, might be considered the amount in controversy. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596. In the present action, however, the purpose of the suit is not to avoid the accrual of any liability upon the bond, but to stay proceedings in the state courts in which it is alleged that such liability has already accrued. Under these circumstances the test of jurisdiction is the amount of each separate claim and not their aggregate amount.

In passing upon the question of the jurisdictional amount in controversy, we are but indirectly concerned with the question of equitable jurisdiction founded upon an avoidance of multiplicity of suits. Even conceding that the cause involved that community of interest in questions of law and fact, as among the several defendants, as might support general equity jurisdiction, this court would still be bound by the decisions of the Supreme Court prescribing the rules to be applied in determining the amount in controversy; that is, federal jurisdiction as distinguished from general equity jurisdiction. Since our decision is based solely upon the nonexistence of federal jurisdiction because of the want of the requisite amount in controversy, we pass without determination the questions of general equity jurisdiction and whether the federal courts may, in such an action as this, issue an injunction to restrain pending proceedings in the state courts, in view of the provisions of section 379, title 28, USCA.

The decree of the District Court is affirmed.