## DI GIOVANNI ET AL. *v.* CAMDEN FIRE INSURANCE ASSN.

No. 28. Argued October 23, 1935.—Decided November 11, 1935.

*Mr. Harry L. Jacobs,* with whom *Mr. James Daleo* was on the brief, for petitioners.

*Mr. Walter A. Raymond,* with whom *Mr. Fenton Hume* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This is a suit in equity, brought in the District Court for Western Missouri by respondent, a New Jersey fire insurance company, against petitioners, citizens of Missouri, to cancel two insurance policies. One, for $3,000, was issued to petitioners, who are husband and wife, to insure them against loss by fire of a building which they held as tenants by the entirety. The other, for $1,500, was issued to the husband to insure his personal property located in the building. On motion to dismiss the bill of complaint for want of equity and want of jurisdiction the district court dismissed the suit on the ground that the amount in controversy did not exceed $3,000. Its decree was reversed by the Court of Appeals for the Eighth Circuit, 75 F. (2d) 808. This Court granted certiorari to settle an important question of federal law affecting the jurisdiction of federal courts.

The bill of complaint alleges that the petitioners procured the two policies from respondent by representing

that they would not effect insurance on the property in excess of a stated amount; that thereafter they did effect insurance with respondent and other companies in excess of that amount, and in excess of the value of the insured property, and then caused the property to be destroyed by fire, all in execution of a conspiracy between them. It avers that petitioners have filed proofs of loss with respondent, and that they threaten to and are about to begin suits at law against respondent to recover the full amounts of its policies.

As the two policies are separate contracts, with different beneficiaries, insuring different properties, it is conceded that no suit at law could be maintained upon them in the federal courts since neither exceeds $3,000, the amount requisite for the jurisdiction of the federal courts, and the two independent causes of action upon them could not be joined in a single suit at law. The Court of Appeals held that the jurisdictional requirement was satisfied by the expedient of seeking cancellation of the two policies in a single suit in equity, wherein their amounts might be united. It recognized that jurisdiction cannot ordinarily be conferred on a federal court by joining in a single suit separate causes of action in none of which is the amount involved more than $3,000 although their aggregate exceeds that sum. *Walter* v. *Northeastern R. Co.*, 147 U. S. 370; *Citizens' Bank* v. *Cannon*, 164 U. S. 319. But it applied the doctrine sanctioned by this Court in *Woodmen of the World* v. *O'Neill*, 266 U. S. 292; and *McDaniel* v. *Traylor*, 212 U. S. 428, that in a bill to restrain the maintenance of vexatious suits by numerous parties pursuant to a conspiracy among them, the allegations of conspiracy are sufficient to "tie together" the amounts involved in the several suits so that their aggregate is deemed to be the amount in controversy. The Court of Appeals thought that the equity powers of the district court were rightly invoked by the allegations that

the two policies were obtained by fraud, and by the prayer for their cancellation; and that the right to this relief was not defeated by the existence of an adequate remedy at law, since it would be necessary to establish the defense to the policies in two suits at law instead of in one in equity, and more especially because the adequate remedy at law which will prevent resort to equity in the federal courts is that available in the federal courts at law, where the suits could not be heard for want of the jurisdictional amount.

We address ourselves only to the question whether the equitable relief is warranted, leaving aside doubts whether the present case, by the allegation that the insurance was effected and the loss caused pursuant to a conspiracy, is brought within the peculiar doctrine of *Woodmen of the World* v. *O'Neill, supra,* where the conspiracy was to abuse the processes of the courts by the prosecution of groundless suits.

1. This Court has recently pointed out that equity will not compel the cancellation and surrender of an insurance policy procured by fraud where the loss has occurred and a suit at law to recover the amount of the loss is pending or threatened. *Enelow* v. *New York Life Insurance Co.,* 293 U. S. 379. The alleged fraud of petitioners, as well as their alleged destruction of the property insured are defenses available in suits at law upon the policies. While equity may afford relief *quia timet* by way of cancellation of a document if there is a danger that the defense to an action at law upon it may be lost or prejudiced, no such danger is apparent where, as respondent's bill affirmatively shows, the loss has occurred and suits at law on the policies are imminent, and there is no showing that the defenses cannot be set up and litigated as readily in a suit at law as in equity. See *Enelow* v. *New York Life Insurance Co., supra,* 384, 385.

2. Section 24 of the Judicial Code, 28 U. S. C. § 41, restricts the jurisdiction of the district courts whether at law or in equity to controversies in which the amount involved exceeds $3,000. Section 267 of the Judicial Code, 28 U. S. C. § 384, forbids the maintenance of suits in equity in the courts of the United States "in any case where a plain, adequate and complete remedy may be had at law." It is true, as this Court has often pointed out, that the inadequacy prerequisite to relief in a federal court of equity is measured by the character of remedy afforded in federal rather than in state courts of law. See *Henrietta Mills* v. *Rutherford County*, 281 U. S. 121; *Smyth* v. *Ames*, 169 U. S. 466; *Risty* v. *Chicago, R. I. & P. Ry. Co.*, 270 U. S. 378. This follows from the nature of "equity jurisdiction" of the federal courts. Whether a suitor is entitled to equitable relief in the federal courts, other jurisdictional requirements being satisfied, is strictly not a question of jurisdiction in the sense of the power of a federal court to act. It is a question only of the merits; whether the case is one for the peculiar type of relief which a court of equity is competent to give. See *Pennsylvania* v. *Williams*, 294 U. S. 176, 181, 182. If a plaintiff is entitled to be heard in the federal courts he may resort to equity when the remedy at law there is inadequate, regardless of the adequacy of the legal remedy which the state courts may afford. Otherwise the suitor in the federal courts might be entitled to a remedy in equity which the federal courts of law are competent to give, or, on the other hand, be obliged to forego his right to be heard in the federal courts in order to secure an equitable remedy which state courts of law do but the federal courts of law do not give. See *Stratton* v. *St. Louis Southwestern Ry.*, 284 U. S. 530, 533, 534; *Matthews* v. *Rodgers*, 284 U. S. 521, 529. But want of the jurisdictional amount in controversy which deprives

a federal court of its authority to act at law is not ground for invoking its equity powers. The statute forbids resort to equity in the federal courts when they afford adequate.legal relief. It does not purport to command that equitable relief shall be given in every case in which they fail to do so. Plainly it does not so command when the want of legal remedy is due to the express prohibition of Congress, applicable alike to suits at law and in equity. See *Healy* v. *Ratta,* 292 U. S. 263.

3. As the nature of the relief sought, cancellation of the insurance policies, and the inability of the federal courts to hear the suits at law for want of the jurisdictional amount, do not warrant equitable relief, it is evident that the remedy which respondent seeks depends on the slender thread of its right to ask the federal court of equity to save it the possible inconvenience of trying two law suits instead of one. Avoidance of the burden of numerous suits at law between the same or different parties, where the issues are substantially the same, is a recognized ground for equitable relief in the federal courts. See *Ogden City* v. *Armstrong,* 168 U. S. 224; *Hale* v. *Allinson,* 188 U. S. 56. But the award of this remedy, as of other forms of equitable relief, is not controlled by rigid rules rigidly adhered to regardless of the end to be attained and the consequences of granting the relief sought. It rests in the sound discretion of a court of equity and a theoretical inadequacy of the legal remedy may be outweighed by other considerations. In *Hale* v. *Allinson, supra,* where this Court denied relief to a single plaintiff who sought to unite in a suit in equity claims founded upon the statutory liability of numerous stockholders of a corporation, it was careful to point out, 72–78:

"In any case where the facts bring it within the possible jurisdiction of the court, . . . the decision must depend largely upon the question of the reasonable con-

venience of the remedy, its effectiveness and the inadequacy of the remedy at law. . . . Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested and the result which would follow if jurisdiction should be assumed or denied; . . . The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it. It might be that the exercise of equitable jurisdiction on this ground, while preventing a formal multiplicity of suits, would nevertheless be attended with more and deeper inconvenience to the defendants than would be compensated for by the convenience of a single plaintiff, and where the case is not covered by any controlling precedent the inconvenience might constitute good ground for denying jurisdiction."

Lord Hardwick, in laying down the principles which should guide the award of a bill of peace, the progenitor of the modern bill to avoid multiplicity of suits, thought that there was no occasion for the relief where the asserted right could be established by " one or two actions at law." *Lord Tenham* v. *Herbert,* 2 Atk. 483. While it need not be said that under no circumstances could the maintenance of two suits with common issues be so burdensome or inconvenient as to justify equitable relief, see *McHenry* v. *Hazard,* 45 N. Y. 580; compare *Empire Engineering Corp.* v. *Mack,* 217 N. Y. 85, 95; 111 N. E. 475, it is nevertheless true that the necessity of maintaining two suits involving the same issue seems rarely to have been burdensome enough to impel a plaintiff to seek equitable relief. Equity not infrequently withholds relief which it is accustomed to give where it would be burdensome to the defendant and of little advantage to the plain-

tiff. See *Harrisonville* v. *Dickey Clay Co.,* 289 U. S. 334, 338, and cases cited; cf. *Willard* v. *Tayloe,* 8 Wall. 557; *Hennessy* v. *Woolworth,* 128 U. S. 438; *McCabe* v. *Matthews,* 155 U. S. 550, 553. The present case is different from *Woodmen of the World* v. *O'Neill, supra,* where twenty-five groundless suits were being prosecuted against the complainant, and relief of the respondent from the not very certain risk that it may have to try two suits at law upon its two contracts would, without more, hardly compensate for depriving the petitioners of their right to a trial by jury.

The bare fact that a plaintiff is threatened with two suits on the same document and having common issues has been held not to be enough to call for their trial in a single suit in equity. *Druon* v. *Sullivan,* 66 Vt. 609; 30 Atl. 98. There appears to be no case in this court where the relief has been granted in such a case and there are numerous cases where equitable considerations were thought to require denial of the relief even though more than two suits were involved. See *Matthews* v. *Rodgers, supra,* 529, 530, and cases cited.

The grounds for relief to a single plaintiff which will deprive two or more defendants of their right to a jury trial must be real and substantial and its necessity must affirmatively appear. See *Boise Artesian Hot & Cold Water Co.* v. *Boise City,* 213 U. S. 276, 285, 286; *Dalton Adding Machine Co.* v. *State Corporation Comm'n,* 236 U. S. 699, 700, 701. Respondent's bill of complaint does not show that petitioners are unwilling to abide the result of a trial of one suit as controlling both; or unwilling to try first the suit in which they would be joint plaintiffs, or that in that case the judgment would not be *res adjudicata* in a subsequent suit, or in any case would not suffice to dispose of both; or that upon appropriate application the state court would not direct the trial of the controlling case first. Where the burden of which the plaintiff com-

plains is so slight he should make a more persuasive showing that it can be avoided only by resort to equity. See *Galion Iron Works* v. *Ohio Corrugated Culvert Co.*, 244 Fed. 427.

Finally it is to be noted that this tenuous ground for the exercise of equity powers is put forward as the sole medium by which suits may be withdrawn from the jurisdiction of the state courts which could not have been removed to or otherwise brought into the federal courts. While the consequences of the court's grant of equitable relief cannot affect its power, they nevertheless have an important bearing on the exercise of the judicial discretion which must guide a court of equity in determining whether it should grant or withhold a remedy which it is within its power to give. Its discretion may properly be influenced by considerations of the public interests involved. See *United States ex rel. Greathouse* v. *Dern*, 289 U. S. 352, and cases cited. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts may be restricted only by the action of Congress in conformity to the judicial sections of the Constitution. Congress, by its legislation, has declared its policy that cases involving less than the jurisdictional amount be left exclusively to the state courts, except that a judgment of the highest court of the State adjudicating a federal right may be reviewed by this Court. See *Healy* v. *Ratta, supra*, 269, 270. Courts of equity, in the exercise of their discretionary powers, should recognize this policy by scrupulous regard for the rightful independence of the state governments; and a remedy infringing that independence, which might otherwise be given, should be withheld if sought on slight or inconsequential grounds. See *Williams* v. *Pennsylvania*, 294 U. S. 176, 185; *Matthews* v. *Rodgers, supra*, 575; cf. *Central Kentucky Natural Gas Co.* v. *Railroad Commission of Kentucky*, 290 U. S. 264, 271–273; *Kennedy* v. *Tyler*, 269 U. S. 13.

We think the threatened injury to respondent is of too slight moment to justify a federal court of equity, in the exercise of its discretion, in according a remedy which would entail denial of a jury trial to the petitioners and withdraw from the jurisdiction of the state courts suits which could not otherwise be brought into the federal courts.

*Reversed.*