## JOHN N. PRICE & SONS v. MARYLAND CASUALTY CO. (WILLIAMSPORT PLANING MILL CO. et al., Third Party Defendants).

No. 1343.

District Court, D. New Jersey.
July 8, 1942.

Coult, Satz, Tomlinson & Morse, of Newark, N. J. (Joseph Coult, Jr., of Newark, N. J., of counsel), for defendant, third party plaintiff.

Kristeller & Zucker, of Newark, N. J. (Lionel P. Kristeller, of Newark, N. J., of counsel), for third party defendant.

SMITH, District Judge.

This is an action on a bond and is before the court at this time on the motion of the Williamsport Planing Mill Company, a third party defendant, to dismiss a third party complaint filed herein by the Maryland Casualty Company, the defendant, third party plaintiff, purportedly under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following 723c. The jurisdiction of the court is predicated upon diversity of citizenship.

The defendant, third party plaintiff, Maryland Casualty Company, as surety, and one of the third party defendants, C. H. Johannsen & Company, as principal, pursuant to the laws of the State of New Jersey, executed their bond conditioned upon the performance of a public contract and the payment of lawful claims of subcontractors, materialmen, etc.; the latter condition was included pursuant to the provisions of the Municipal Mechanics' Lien Law, N.J.S.A. 2:60–180 to 2:60–212. The plaintiff, John N. Price & Sons, a subcontractor, brought this action on the said bond, alleging a breach of the latter condition.

The defendant, third party plaintiff, on a motion purportedly filed under Rule

14(a) of the Rules of Civil Procedure, was granted leave to implead all subcontractors and materialmen who asserted claims on the bond. The third party complaint, which appears to be in the nature of a bill in equity, fails to state, either on behalf of the original plaintiff or on behalf of the defendant, third party plaintiff, a cause of action against any of the subcontractors or materialmen thus impleaded, who are directed, under the prayers of the complaint, to file their individual claims on the bond in this action; it clearly appears from the third party complaint that the said impleaded parties are not liable to either the original plaintiff or the defendant, third party plaintiff, but that the latter is, or may be, liable to them.

■ The rule, by its express terms, limits the scope of its application. It may be invoked either against a party who is, or may be, liable to the defendant for all or part of the plaintiff's claim, Moreno v. United States et al., 1 Cir., 120 F.2d 128; Heitman et al. v. Davis et al., 7 Cir., 119 F.2d 975; Barnard-Curtiss Co. v. Maehl, 9 Cir., 117 F.2d 7; Crum v. Appalachian Elec. Power Co. et al., D.C., 29 F.Supp. 90; Tullgren v. Jasper et al., D.C., 27 F. Supp. 413; Falcone v. City of New York, D.C., 2 F.R.D. 87, or against a party who is, or may be, liable to the plaintiff for all or part of the said claim. Moreno v. United States et al.; Heitman et al. v. Davis et al.; Barnard-Curtiss Co. v. Maehl, all supra; Satink v. Holland Tp. et al., D.C., 31 F.Supp. 229; Id., D.C., 28 F. Supp. 67; Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715; Falcone v. City of New York, supra; See, also, Holtzoff, New Federal Procedure and the Courts, pages 46 to 50; 53 Harv.L.Rev. 449; 40 Col.L.Rev. 148; 13 So.Calif.L.Rev. 466. It does not, however, permit the practice which has been followed here, i. e., the introduction into the main action of several parallel, but independent, actions. Moreno v. United States et al.; Heitman et al. v. Davis et al., Barnard-Curtiss Co. v. Maehl, all supra; United States v. Jollimore et al., D.C., 2 F.R.D. 148.

■ The third party defendant, Williamsport Planing Mill Company, in support of its motion to dismiss the third party complaint, urges lack of jurisdiction in the court because the amount in controversy does not exceed three thousand dollars. The said third party defendant must prevail on this motion, whether this proceeding is regarded as an action at law or a suit in equity. The claims of the subcontractors and materialmen are several and not joint, and the liability of the defendant, third party plaintiff, is, likewise, several and not joint. It is well recognized that when several separate causes of action are joined in a single suit, the amount involved in each controversy must be of the requisite amount to be within the jurisdiction of the court. 28 U.S.C.A. 41(1); Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Di Giovanni, et al. v. Camden Fire Insurance Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S.Ct. 780, 67 L.Ed. 871; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L. Ed. 817; Frank & Lambert, Inc., v. Rosengren et al., 8 Cir., 97 F.2d 460; Indemnity Ins. Co. v. School Dist. No. 1, 6 Cir., 63 F.2d 878; cf. Sovereign Camp Woodmen of the World v. O'Neill et al., 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Gibbs et al. v. Buck et al., 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

■■ It is reasonably well established, however, that if the third party proceeding is ancillary to the main action, independent jurisdictional grounds are not prerequisite to its maintenance; the jurisdictional requirements, if met in the main action, will support the ancillary proceeding. Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305; Malkin v. Arundel Corporation et al., D.C., 36 F.Supp. 948; Sussan v. Strasser et al., D.C., 36 F.Supp. 266; Satink v. Holland Tp. et al., supra; Schram v. Roney et al., D.C., 30 F.Supp. 458; Kravas et al. v. Great Atlantic & Pacific Tea Co; Tullgren v. Jasper et al.; Crum v. Appalachian Elec. Power Co. et al., all supra; Bossard et ux. v. McGwinn et al., D.C., 27 F.Supp. 412; Johnson v. G. J. Sherrard Co., D.C., 2 F.R.D. 164; Herrington v. Jones et al., D.C., 2 F.R.D. 108, and other cases hereinabove cited. The proceeding here initiated by the filing of the third party complaint, although designated as ancillary, is, in fact, independent of it; the many causes of action which may be, and have been, asserted by subcontractors and materialmen, although of common origin, are separate and distinct. The foregoing general rule, therefore, is not applicable.

The third party complaint, as hereinabove stated, is in the nature of a bill in equity, but, the only ground urged as a basis of equity jurisdiction is the alleged necessity of avoiding a "multiplicity of suits." This ground, however, will not sustain the equity jurisdiction of this court in the instant case. Di Giovanni et al. v. Camden Fire Insurance Ass'n, supra; Matthews et al. v. Rodgers et al., 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Kelley v. Gill, 245 U.S. 116, 38 S.Ct. 38, 62 L.Ed. 185; St. Louis, Iron Mountain & So. Ry. Co. v. McKnight et al., 244 U.S. 368, 37 S.Ct. 611, 61 L.Ed. 1200; Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380; Broderick v. American General Corporation, 4 Cir., 71 F.2d 864, 94 A.L.R. 1359; Georgia Power Co. v. Hudson et al., 4 Cir., 49 F.2d 66, 75 A.L.R. 1439; Mountain Lumber Co. et al. v. Davis et al., 2 Cir., 11 F.2d 219; Pittsburgh & W. V. Ry. Co. et al. v. United States, D.C., 6 F.2d 646; Barston et al. v. Mingo Drainage Dist. et al., D.C., 264 F. 224, affirmed 8 Cir., 284 F. 52; see, also, Chafee, Jr., Bills of Peace with Multiple Parties, 45 Harv.L.Rev. 1297. The language of the Supreme Court in the case of Di Giovanni et al. v. Camden Fire Insurance Ass'n [296 U.S. 64, 56 S.Ct. 5, 80 L.Ed. 47], is particularly pertinent:

"The bare fact that a plaintiff is threatened with two suits on the same document and having common issues has been held not to be enough to call for their trial in a single suit in equity. [Citation omitted]. There appears to be no case in this court where the relief has been granted in such a case, and there are numerous cases where equitable considerations were thought to require denial of the relief even though more than two suits were involved. [Citation omitted].

"The grounds for relief to a single plaintiff which will deprive two or more defendants of their right to a jury trial must be real and substantial, and its necessity must affirmatively appear. [Citations omitted]."

The "multiplicity of suits" which will ordinarily warrant the intervention of equity is not present here; the threatened suits, as well as those already joined in this litigation, although predicated upon the same instrument, nevertheless, are independent. The case of Barston et al. v. Mingo Drainage Dist. et al., presents a situation identical with that here presented, and is, therefore, particularly applicable.

The order under which the third party defendant, Williamsport Planing Mill Company, was impleaded is vacated, and the third party complaint filed thereunder is dismissed as to the said third party defendant.