James Howard **BROYHILL**, Appellant,

v.

Zeb A. **MORRIS**, Jr., Solicitor, 15th Solicitorial District of the State of North Carolina; and LeRoy Reavis, Sheriff of Iredell County, State of North Carolina, Appellees.

No. 12596.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 31, 1968.

Decided March 20, 1969.

McElwee & Hall, North Wilkesboro, N. C. (John E. Hall), and Moore & Rousseau, North Wilkesboro, N. C. (Larry S. Moore), North Wilkesboro, N. C., for appellant.

Raymer, Lewis & Eisele, Statesville, N. C. (Douglas G. Eisele). Battley & Frank, Statesville, N. C. (Jay F. Frank), Statesville, N. C., and Ralph Moody, Deputy Atty. Gen., State of North Carolina, Raleigh, N. C., for appellees.

Before BRYAN and WINTER, Circuit Judges, and McMillan, District Judge.

McMILLAN, District Judge:

James Howard Broyhill was tried under a federal indictment for bank robbery with firearms in violation of 18 U.S.C., § 2113, and was acquitted by a jury. The defendants, prosecuting authorities of North Carolina, have now taken out an indictment and propose to try him under North Carolina General Statutes 14–87 for robbery with firearms based on the same evidence.[1] Broyhill brought this suit seeking injunction against the pending state prosecution, alleging that this prosecution violates the Fifth Amendment prohibition against double jeopardy which he contends is made applicable to the states through the Fourteenth Amendment.

Judge Eugene Gordon in the Middle District of North Carolina dismissed the suit, expressing the opinion, "relying primarily upon the authority of Bartkus v. Illinois, 359 U.S. 121, [79 S.Ct. 676, 3 L.Ed.2d 684] (1959), that the plaintiff has failed to state a claim upon which relief can be granted." The plaintiff appealed.

In considering the appeal, as this Court said in Baines v. City of Danville, 337 F.2d 579, 587 (4th Cir., 1964), "we start, as we must, with Title 28 U.S.C.A. § 2283," the anti-injunction statute. On the face of it that statute, saying that United States courts "may not grant an injunction to stay proceedings in a State court * * *," prohibits the use of injunction as a remedy against state court proceedings. Since injunction is the only remedy sought, § 2283 might appear to end the inquiry. However, in addition to having certain express exceptions not controlling here, § 2283 has been made the subject of numerous other exceptions through the years; now and then it has been disregarded; and its

---

[1] G.S. 14–87: "Any person * * * who, * * * with the use or threatened use of any firearms or other dangerous weapon, * * * unlawfully takes or attempts to take personal property from another or from any * * * banking institution * * *, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years."

The North Carolina statute is somewhat broader than the federal statute, but it is alleged and appears clear that North Carolina has indicted the appellant for doing the same acts that formed the basis of the federal prosecution. The fact that the North Carolina statute would, for example, cover the crime if the robbery had been from a visitor in the bank whereas the federal statute would appear to cover the crime only if the robbery was from the bank itself should make no difference here.

current status is by no means clear.[2] Although it is possible that § 2283 bars issuance of an injunction, we do not rest final decision on that basis.[3] Under the decisions of the Supreme Court as we read them, it is appropriate as a necessary part of deciding whether § 2283 applies, to inquire into the nature and effects of the state action complained of. It makes a difference whether the right allegedly invaded has constitutional protection and whether other and adequate state remedies exist. We therefore examine the complaint under the commission laid down in Sovereign Camp Woodmen of the World v. O'Neill, 266 U.S. 292, 298, 45 S.Ct. 49, 51, 69 L.Ed. 293 (1924), where it was said that § 2283:

" * * * does not deprive a district court of the jurisdiction otherwise conferred by the federal statutes, but merely goes to the question of equity in the particular bill; making it the duty of the court, in the exercise of its jurisdiction, to determine whether *the specific case presented* is one in which relief *by injunction* is prohibited by this section *or may nevertheless be granted.*" (Emphasis added.)

Because it likewise appears from the results of the decided cases that a court has to look to the results complained of before deciding whether to abstain from equitable relief, we also carry forward into our consideration of the merits any

consideration of abstention on grounds of comity from interference in the state proceedings.

In order to reach the merits of the requested injunction we must therefore proceed upon the assumption that neither the apparent prohibition of § 2283 nor the indistinct shapes of the absention principles should bar a United States court from inquiry into the state action complained of. All three questions—§ 2283, abstention, and the ultimate injunction decision—depend for their answer on the same set of facts.

On the merits, the complaint recites a single alleged wrong—double jeopardy. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) held that a state could with constitutional propriety prosecute a man under state law although he had been acquitted of a federal offense arising out of the same acts. If it has continuing vitality, *Bartkus* is dispositive. The Supreme Court has granted certiorari in a case involving the question whether the double jeopardy clause of the Fifth Amendment is applicable to the states.[4] However, decision of that question by the Supreme Court may not determine what this court should do with plaintiff's request for injunction. If *Bartkus* is not overruled, the invalidity of the plaintiff's sole alleged basis for injunction may of course be confirmed. However, if *Bartkus* is overruled, we will still face the question, decided in Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct.

2. See the comprehensive discussion and analysis of authorities in Baines v. City of Danville, 337 F.2d 579, at pages 587 through 595 (4th Cir., 1964), and the other and later forms of treatment accorded § 2283 in, for example, Dombrowski v. Pfister, 380 U.S. 479, 484, 499, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and Cameron v. Johnson, 381 U.S. 741, 742, 85 S.Ct. 1751, 14 L.Ed.2d 715 (1965), 390 U.S. 611, 613, 88 S.Ct. 1335, 20 L. Ed.2d 182 (1968).

3. The effect of § 2283 is especially uncertain in cases where relief is sought, as here, under the Civil Rights Act, 42 U.S.C.A., § 1983. The most recent pronouncements of the Supreme Court leave

open the question whether § 1983 represents an explicit statutory exception to § 2283. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and Cameron v. Johnson, 381 U. S. 741, 742, 85 S.Ct. 1751, 14 L.Ed.2d 715 (1965), 390 U.S. 611, 613, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); but see Baines v. City of Danville, 337 F.2d 579 (4th Cir., 1964). In the view we take of the instant case, which is not predicated upon the bar of § 2283, we find it unnecessary to effect a reconciliation between § 2283 and § 1983.

4. Benton v. Maryland, 393 U.S. 994, 89 S.Ct. 481, 21 L.Ed.2d 460 (cert. in forma pauperis granted June 17, 1968).

877, 87 L.Ed. 1324 (1943), whether the federal court under the circumstances should enjoin an unconstitutional prosecution or leave the constitutional decision to the state courts.

■ Even if the district court possessed power to enjoin the pending state prosecution, notwithstanding 28 U.S.C., § 2283, this is not an appropriate case for injunctive relief. There is no allegation or showing here and no likelihood inherent in the circumstances that plaintiff's state remedies, including a state court defense of double jeopardy, are inadequate.

This is a single, previously pending prosecution. It was preceded by no threats. No misuse of the statute is charged. It does not affect free speech; the charge is bank robbery. The statute is not attacked for unconstitutionality; it is specific, not vague; narrow, not broad. A single criminal prosecution will provide an adequate forum and adequate procedures for raising all constitutional issues. It is not alleged that North Carolina courts are a poor forum to litigate constitutional questions. No oppression, bad faith or harassment is alleged. Lack of genuine expectation by the state that there will be a conviction is not alleged; in fact, a genuine apprehension of probable conviction may be plaintiff's primary problem. If North Carolina commits error, complete remedy by appeal or certiorari is available. In short, none of the considerations which moved courts to interfere with state action in cases like Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); and Baines v. City of Danville, 321 F.2d 643 (4th Cir., 1963), are present here.

Aside from the bar of *Bartkus*, plaintiff simply has not shown threat or likelihood of irreparable harm, nor any other facts calling for a federal court to intervene by injunction in a routine application of a clear state criminal law.

Affirmed.