321 F.2d 643
 Bruce BAINES et al., Appellants,
v.
CITY OF DANVILLE, VIRGINIA, Appellee.
The Rev. Lendell W. CHASE et al., Appellants,
v.
Chief Eugene McCAIN et al., Appellees.
Hildreth G. McGHEE et al., Appellants,
v.
CITY OF DANVILLE, VIRGINIA, Appellee.
The Rev. Lendell W. CHASE et al., Appellants,
v.
Honorable A. M. AIKEN, Judge, Honorable T. F. Tucker, Clerk, Corporation Court, Danville, Virginia, Honorable Eugene Link, Commonwealth Attorney, Danville, Virginia, and Honorable Eugene McCain, Chief of Police, Danville, Virginia, Appellees.
 Nos. 9080-9082.
 No. 9084.
 United States Court of Appeals Fourth Circuit.
 August 8, 1963.
 
 William M. Kunstler, New York City, Len. W. Holt, Norfolk, Va., Jerry L. Williams, Danville, Va., Arthur Kinoy, New York City, Shellie F. Bowers, Washington, D. C., Richard M. Goodman, Detroit, Mich., for appellants.
 James A. H. Ferguson, John W. Carter, Danville, Va., R. D. McIlwaine, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and J. SPENCER BELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We are entering this order, for the reasons stated in it, to protect the jurisdiction of this court. It may be hoped, however, that the interval between now and September 23rd may be utilized by persons of good will of both races to establish communications and to seek eventually acceptable solutions to these problems out of which these cases arise. As long as the problems exist, courts will be called upon to adjudicate disputed rights associated with them, but the basic problems themselves can be resolved only by the people concerned.
 
 ORDER
 
 2
 These matters came on for hearing upon the motion of the plaintiffs for an order restraining and enjoining the prosecution of all proceedings in any of the state courts of Virginia for alleged violations of Ordinance No. 63-6.2 of the City of Danville, Virginia, and for contempt arising out of alleged violations of the injunctive orders, temporary and permanent, passed on June 6, 1963, and August 3, 1963, by the Corporation Court of the City of Danville, Virginia, in the matter of the City of Danville, Virginia, versus Campbell, et al.
 
 
 3
 The plaintiffs in the District Court challenged the constitutionality of the ordinance and the temporary injunction order, mentioned above. Meanwhile some of the criminal prosecutions founded upon the ordinance were removed to the District Court. Thereafter the District Court refused the requested injunctive relief and remanded to the state court the removed criminal proceedings. The plaintiffs by appeal seek review of the District Court's order in all of these cases.
 
 
 4
 In support of the plaintiffs' motion for emergency relief, affidavits have been filed showing that all the criminal proceedings have been set for trial and one or more have been tried. Earlier, when several persons had been convicted and sentenced to effective jail terms of 45-90 days, they had been denied bail in the state court pending appeal, making impossible effective appellate review in the state courts of the constitutionality of the injunction and ordinance. Moreover, present trial and conviction of others among the persons charged with violation of the ordinance and injunction would moot their appeals in this court if they are required to serve their sentences before these cases can be heard and determined in this court. Should some or all of them be granted bail after conviction and pending appeal, they would be put to the expense of an appeal through the state courts while the same constitutional questions are pending in this court. On the other hand, hasty trials, if the convicted defendants are to be released on bail pending appeal serve no obvious purpose in aid of necessary maintenance of law and order.
 
 
 5
 Even more burdensome to many of the plaintiffs is the fact that, over their objections, some of their contempt charges have been transferred to other courts of Virginia, some as much as 200 miles from Danville, to which they must go and transport their witnesses if they are to defend themselves. Under those circumstances there is no adequate legal remedy in the state courts which, if one existed, might stay our hand.
 
 
 6
 In these circumstances this court can tolerate neither an interference with proper functioning of law enforcement officers in the maintenance of the public peace of Danville nor the nullification of constitutional rights of persons charged with the violation of the ordinance and the injunctive orders of the Corporation Court of Danville by permitting trials and punishments to be inflicted before the challenges to the validity of said ordinance and injunctive orders can be adjudicated in the appeals pending in this court.
 
 
 7
 Under all of the circumstances it appears that temporary relief is necessary to protect the jurisdiction of this court pending disposition of the appeals before us and to avoid irreparable injury.
 
 
 8
 Upon consideration, after hearing counsel for the parties, it is this 8th day of August, 1963, ordered that Eugene Link, Commonwealth Attorney, and T. F. Tucker, Clerk, Corporation Court, Danville, Virginia, and all persons acting in concert with them or by their authority are hereby restrained and enjoined from bringing to trial any person for the alleged violation of said ordinance of the City of Danville and the injunctive orders of the Corporation Court of the City of Danville until the determination of the above appeals which have been set for hearing at the term of this court beginning on the 23rd day of September next.
 
 
 9
 It is further ordered that either party may seek upon a proper showing any change or modification of this order that may be deemed necessary or just pending said hearing.