DULUTH BOARD OF TRADE, Plaintiff,

v.

The Honorable Douglas M. HEAD, Attorney General for the State of Minnesota, and Paul A. Rasmussen, Chairman, and Ronald L. Anderson and P. Kenneth Peterson, as Members of the Minnesota Public Service Commission, Defendants.

No. 5–68 Civ. 50.

United States District Court
D. Minnesota,
Fifth Division.

April 15, 1969.

McCabe, Van Evera, Mundt, Koskinen & Clure, Daniel H. Mundt and Thomas F. Andrew, Duluth, Minn., for plaintiff.

Douglas M. Head, Atty. Gen., for The State of Minnesota, by John L. Devney, Sp. Asst. Atty. Gen., St. Paul, Minn., and Norton M. Hatlie, Department of Public Service, St. Paul, Minn., for defendants.

MEMORANDUM DECISION

Before HEANEY, Circuit Judge, and LARSON and LORD, District Judges.

LORD, District Judge:

Plaintiff in this action is the Duluth Board of Trade, an incorporated board of trade engaged in certain grain weighing activities in Duluth, Minnesota. Defendants Rasmussen, Anderson and Peterson are members of the Minnesota Public Service Commission, which is entrusted by state statute [1] with the supervision of grain weighing at public terminal warehouses in the State of Minnesota. Plaintiff seeks to enjoin the members of the Public Service Commission [hereinafter collectively referred to as the "Commission"] and the Attorney General for the State of Minnesota from commencing any civil or criminal action against the Duluth Board of Trade for its admitted violation of a Commission Order on the ground that said Order would enforce an unconstitutional Minnesota statute, Minn.Stat.Ann. Section 233.31.

The present three-judge Court convened pursuant to 28 U.S.C. Section 2281. Jurisdiction is found under 28 U.S.C. Section 1337, in that this action "arises under" the United States Ware-

1. Minn.Stat.Ann. Sections 216A.05, 233.01 et seq.

house Act, 7 U.S.C. Sections 241–73. At a preliminary hearing before the District Judge it was agreed that it would be unnecessary to issue a temporary restraining order in view of a stipulation by the defendants that no civil or criminal action would be commenced prior to the decision of this Court.

Plaintiff now moves for summary judgment on the record before the Court.

It has been stipulated and agreed that the plaintiff provides weighing supervision for several companies operating public terminal grain elevators at Duluth, Minnesota. These elevators issue weight certificates under the supervision of plaintiff's employees for the grain stored and handled therein, 100 per cent of which is destined to move in either interstate or foreign commerce.[2]

Each elevator has received a Federal license under the United States Warehouse Act and employs federally licensed weighers who perform all of the weighing. The plaintiff also employs federally licensed weighers who serve as supervising weighmasters at these elevators. Approximately one-third of the weight certificates issued are certified to and supervised by the plaintiff's weighmasters; there is no supervision or "actual scale observation" of the remaining two-thirds.

The Secretary of Agriculture, acting pursuant to 7 U.S.C. Sections 260 and 268, has promulgated certain regulations for weight certificates or receipts issued by a warehouse licensed under the Act.[3] The elevators have been instructed by the Secretary that their weight certificates must conform to these regulations, and the present weight certificates issued are in conformity with said regulations.

Plaintiff, upon compliance with the federal regulations, has not felt bound to follow the comprehensive Minnesota weighing program or to employ personnel licensed by the Minnesota State Weighing Department. For this reason, the Minnesota Public Service Commission has seen fit to order plaintiff to comply with Minn.Stat.Ann. Section 233.31.[4] In particular, the Commission has ordered that each certificate issued by the public terminal elevators under plaintiff's supervision have plainly imprinted across its face in red letters one-quarter inch high the inscription "This Certificate is Not Issued Under State Authority." Plaintiff has brought this action to enjoin the threatened enforcement of the Commission Order through civil or criminal prosecution in Minnesota State Court.[5]

2. It is estimated that 50 per cent of all shipments of grain from these terminal elevators is destined for foreign commerce.

3. These regulations are found at 7 C.F.R. Section 102.67.

4. 233.31 Certificates not issued under state authority; use of certain words prohibited.

Any person who is not connected with the state weighing department is hereby prohibited from using the term "weighmaster," "state weighmaster," any representation of the seal of the state, or any other words or device calculated or tending to indicate that the certificate or receipt is issued under state authority, or to otherwise deceive or mislead the public or any person interested, when issuing certificates or receipts purporting to show the weight of grain, hay or straw. Where weighing is done under the authority of the charter or an ordi-

nance of any city or village, or under the auspices of any incorporated chamber of commerce, board of trade, or exchange, any certificate or receipt issued therefor shall on its face plainly show its source and the signature of the person signing the same shall be followed by a designation plainly showing the capacity in which the signer is acting, and the term "weighmaster" may be a part of such designation. *Every such certificate or receipt issued by anyone other than the duly authorized representatives of the state weighing department shall have plainly stamped or printed across its face in red ink in letters not less than one-quarter of an inch high the words, "This Certificate is Not Issued Under State Authority."* [Emphasis added.]

5. Chronologically, on or about December 13, 1967, the Commission requested im-

Prior to the hearing before this Court, plaintiff obtained the affidavit of the Chief of the Warehouse Service Branch of the United States Department of Agriculture. This affidavit concludes that the imprinting required by Section 233.31 and the Commission Order would "create confusion and constitute a burden to the proper use of weight certificates issued under authority of the United States Warehouse Act," and would not be approved by the Department of Agriculture. The affidavit, together with an earlier letter addressed by the same party to the plaintiff, has been accepted by all parties in this case as a denial of approval of the imprinting by the Secretary of Agriculture. It should be further noted that uncontroverted evidence submitted by plaintiff in the form of affidavits demonstrates that the imposition of the required lettering on the face of the weight certificate would raise questions as to its validity and accuracy, thereby impairing the value of the certificate as an effective instrument in the grain market.

■ Entirely aside from the question of the constitutionality of Section 233.31, the Commission argues that the plaintiff has not made a sufficient showing to warrant the extraordinary remedy of injunctive relief. It is their contention that no irreparable harm can result to plaintiff through compliance with Section 233.31 as directed by the Commission Order. However, the Court need not resolve this contention because the Commission concedes that but for the present proceeding in Federal Court it would commence civil or criminal action against plaintiff in State court. It is clear that the showing of threatened civil or criminal prosecution to enforce

an unconstitutional statute against a party is sufficient to invoke injunctive relief from a federal court. Dombrowski v. Pfister, 380 U.S. 479, 483–484, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) [quoting Ex Parte Young, 209 U.S. 123, 156, 28 S.Ct. 441, 52 L.Ed. 714 (1908)]; see Baines v. City of Danville, Virginia, 321 F.2d 643 (4th Cir. 1963); Denton v. City of Carrollton, Georgia, 235 F.2d 481 (5th Cir. 1956).

■ We conclude that Section 233.31 and the Commission Order are unconstitutional on the basis of the decision of the United States Supreme Court in Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 234, 67 S.Ct. 1146, 1154, 91 L.Ed. 1447 (1947):

The amendments to § 6 and § 29 [The United States Warehouse Act, 7 U.S.C. Sections 247 and 269], read in light of the Committee Reports, say to us in plain terms that a licensee under the Federal Act can do business "without regard to State Acts"; that the matters regulated by the Federal Act cannot be regulated by the States; that on those matters a federal licensee (*so far as his interstate or foreign commerce activities are concerned*) is subject to regulation by one agency and by one agency alone. [Emphasis added.] [6]

The Supreme Court paid particular attention to the fact that House and Senate Reports which accompanied the amendments showed a clear intent by Congress to insure that the federally licensed warehouses would issue a uniform receipt. It was felt that irregularities necessitated by compliance with state statutes and regulations had detracted from the value of the receipts for collateral purposes. 331 U.S. at 233, n. 11, 235, n. 13, 67 S.Ct. at 1146, 1154. Insofar as Section 233.31

mediate assurance from plaintiff that the required imprinting would appear on the weight certificates. This request was followed by a Commission decree on February 29, 1968 which ordered that the imprinting appear on all weight certificates issued except those applicable to shipments of grain destined for foreign commerce. A final Commission order,

dated November 8, 1968, found plaintiff in violation of Section 233.31 by reason of its failure to comply with the February 29 decree, and directed the Department of Public Service to take "such action as is necessary" to enforce compliance.

6. *See* In re Farmers Cooperative Ass'n, 69 S.D. 191, 8 N.W.2d 557 (1943).

requires that additional matter be contained on the weight certificate issued by a federally licensed warehouse, it violates the above intent of Congress. In particular, the subject matter required and the prescribed mode of application stand in violent and direct conflict with the congressional desire for a uniform and credible weight receipt.

The Commission has argued that the holding in Rice v. Santa Fe Elevator Corp. has been modified by a more recent decision of the Supreme Court, Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). We do not agree. Although the Court in *Avocado* concluded that federal regulation over the marketing of avocados did not preempt state (California) regulation, it was careful to note that the relevant federal act [7] did not manifest an intent by Congress to displace state law. In fact, the Secretary of Agriculture delegated certain powers to regional avocado growers, and resulting federal marketing regulations varied from state to state. 373 U.S. at 148–149, 83 S.Ct. at 1220–1221. For this reason, the Court found no preemption as it had in Rice v. Santa Fe and its later decision in Campbell v. Hussey, 368 U.S. 297, 82 S.Ct. 327, 7 L.Ed.2d 299 (1961).

A second distinction exists between *Avocado* and the present case. In *Avocado,* the State imposed regulation on a commodity being shipped into the State for domestic consumption. Here, the Minnesota Statute as applied to plaintiff would regulate commodities being shipped solely out of the State of Minnesota.[8] Further, neither the Commission nor the Attorney General could indicate to this Court that compliance by plaintiff with the Commission Order and Section 233.31 would in any way further any interest of the State of Minnesota. Absent this showing, this Court

need not consider the question of whether or not a statute serving a valid state interest might co-exist with the federal scheme of regulation pertaining to weight certificates.

It can be argued that *Rice* does not prohibit all State regulation relative to federally licensed warehouses. The Court added that its holding was "subject to those express exceptions in the Warehouse Act which subject phases of the business to state law. See e. g., §§ 18 and 20." 331 U.S. at 234, n. 12, 83 S.Ct. at 1154. Section 18 [7 U.S.C. Section 260] states that the warehouse receipt shall embody "such other terms and conditions within the limitations of this chapter as may be required by the Secretary of Agriculture," and the Secretary's regulations conclude with the statement, "[i]n addition, the weight certificate may include any other matter not inconsistent with the act or the regulations in this part provided the approval of the Service is first secured." 7 C.F.R. Section 102.67. It can be concluded that if the imprinting required by Section 233.31 were to receive the approval of the Secretary, the statute could coexist with the Federal scheme.

However, it has been shown to the satisfaction of the Court by plaintiff that the position of the Secretary is that the imprinting required by Section 233.31 is not permissible material on the weight certificates. 7 U.S.C. § 269 reads:

In the discretion of the Secretary of Agriculture he is authorized to co-operate with State officials charged with the enforcement of State laws relating to * * * weighers * * *; but the power, jurisdiction, and authority conferred upon the Secretary of Agriculture under this chapter shall be exclusive with respect to all persons

---

7. The Agricultural Adjustment Act, 7 U.S.C. Section 601 et seq.

8. This distinction was clearly drawn by the Court in *Avocado:* "Thus, while Florida may perhaps not prevent the exportation of federally certified fruit by super-

imposing a higher maturity standard, nothing in Cloverleaf [Cloverleaf Butter Co. v. Patterson, 315 U.S. 148, 62 S.Ct. 491, 86 L.Ed.' 754 (1942)] forbids California to regulate their marketing." 373 U.S. at 145, 83 S.Ct at 1219.

682

securing a license hereunder so long as said license remains in effect.

This Court is bound by the Secretary's determination, and the State statutory requirement that plaintiff must imprint its weight certificates is unconstitutional under the Supremacy clause of the United States Constitution.

On the basis of the foregoing, we hold that plaintiff is entitled to its requested relief.

It is ordered that to the extent that defendants or any person acting under color or authority of the State of Minnesota attempt to enforce Minn.Stat.Ann. Section 233.31 against plaintiff so as to require that any material required therein but not receiving the express approval of the Secretary of Agriculture be placed on the weight certificate issued by a federally licensed warehouse under plaintiff's supervision, the same enforcement is hereby prohibited and enjoined.

Let judgment be entered accordingly.