708 F.2d 92
 19 ERC 1894
 UNITED STATES of America, Plaintiff-Appellee,
and
Beechcraft East, Inc., Intervenor-Plaintiff-Appellee,
v.
The STATE OF NEW YORK; and William Hennessey, as
Commissioner of the Department of Transportation
of the State of New York, Defendants-Appellants.
AIRCRAFT OWNERS AND PILOTS ASSOCIATION, Plaintiff-Appellee,
v.
William HENNESSEY, as Commissioner of the Department of
Transportation of the State of New York,
Defendants-Appellants.
 No. 1049, Docket 82-6343.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1983.
Decided May 26, 1983.
 
 Barrie L. Goldstein, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., State of N.Y., George D. Zuckerman, Deputy Sol. Gen., Judith A. Gordon, Asst. Atty. Gen., New York City, of counsel), for defendants-appellants.
 James J. von Oiste, Port Jefferson, N.Y., for intervenor-plaintiff-appellee Beechcraft East, Inc.
 R. John Siebert, Dept. of Justice, Civ. Div., Washington, D.C. (Kenneth N. Weinstein, U.S. Dept. of Transp., Leonard A. Ceruzzi, Richard W. Danforth, Robert F. Eisengrein, F.A.A., J. Paul McGrath, Asst. Atty. Gen., David J. Anderson, Eugene A. Beatty, Dept. of Justice, Civ. Div., Washington, D.C., of counsel), for plaintiff-appellee U.S. of America.
 John S. Yodice, Bethesda, Md. (Charles J. Peters, Bethesda, Md., Mark L. Heller, New York City, of counsel), for plaintiff-appellee Aircraft Owners and Pilots Ass'n.
 Before OAKES, CARDAMONE and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the United States District Court for the Northern District of New York, Roger J. Miner, Judge, enjoining the State of New York from imposing a nighttime ban on the use of Republic Airport in Suffolk County, New York. The court below granted plaintiff Beechcraft's motion for preliminary injunction on grounds that New York's curfew was overbroad and arbitrary in violation of the Supremacy Clause of the United States Constitution, and on the ground that Beechcraft would suffer irreparable business damages because the Eleventh Amendment precludes Beechcraft from suing New York in federal court for any damages Beechcraft suffers. We agree.
 
 
 2
 To be entitled to a preliminary injunction under the test established in Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir.1979) (per curiam), Beechcraft must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." Id. at 72.
 
 
 3
 New York does not challenge Judge Miner's judgment on Beechcraft's likely success on the merits; this appeal contests only the finding of irreparable harm. Judge Miner found that Beechcraft's injury was irreparable even though Beechcraft's losses were only pecuniary because a suit in federal court against New York to recover the damages sustained by Beechcraft would be barred by the Eleventh Amendment. New York argues that the court below erred because Beechcraft could have sued New York in the New York Court of Claims. New York's argument, however, simply misses the mark; in deciding whether a federal plaintiff has an available remedy at law that would make injunctive relief unavailable, federal courts may consider only the available federal legal remedies. See Petroleum Exploration, Inc. v. Commissioner, 304 U.S. 209, 217 & n. 8, 58 S.Ct. 834, 839 & n. 8, 82 L.Ed. 1294 (1938); DiGiovanni v. Camden Insurance Association, 296 U.S. 64, 69, 56 S.Ct. 1, 3, 80 L.Ed. 47 (1935). Legislative exceptions to this well-established rule are narrow and specific. See, e.g., 28 U.S.C. Sec. 1342 (Johnson Act, depriving federal district courts of power to enjoin state regulation of public utilities where, inter alia, there is a "plain, speedy and efficient remedy" in state court); 28 U.S.C. Sec. 1341 (Tax Injunction Act, depriving federal courts of power to enjoin the assessment, levy, or collection of any tax under state law when a "plain, speedy and efficient" remedy is available in state court).
 
 
 4
 New York's arguments against what it calls the "novel proposition" that only federal remedies should have been considered by the court below are answered by a look at the logic of the lower court's decision and at the later fate of the cases on which New York relies. The State argues that the court below eased the necessary showing of irreparable harm in cases seeking injunctive relief against states when in fact the court can only be said to have required an absolute showing of irreparability here because Beechcraft's federal damages against New York are constitutionally foreclosed. New York's insistence that In re Ayers, 123 U.S. 443, 8 S.Ct. 64, 31 L.Ed. 216 (1887), deprives the federal courts of the equitable power to enjoin state officials whenever federal courts lack the legal authority to award damages against them overlooks the Supreme Court's subsequent decision in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which specifically empowered federal courts to enjoin state officials from enforcing allegedly unconstitutional statutes. This holding "undermined the basis of In re Ayers." Bator, Mishkin, Shapiro & Wechsler, Hart & Wechsler's Federal Courts and the Federal System 935 (2d Ed. 1973). New York complains that this view is inconsistent with the Eleventh Amendment protection afforded to states by Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which invalidates injunctions that impose costs on states that must be regarded as compensatory damages. But the State's argument fails to show how the lower court's injunction will impose such forbidden costs on it; the argument fails as well to acknowledge the Court's decision in the second Jordan case, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), which stresses that the federal courts do have the power to issue prospective, injunctive relief against state officers who act pursuant to an unconstitutional statute. Id. at 346-47, 99 S.Ct. at 1147-48. The court below issued just such relief and nothing more. The grant of a preliminary injunction is affirmed.
 
 
 5
 New York has separately moved that the United States and the Aircraft Owners and Pilots Association (AOPA) be denied participation in this appeal. New York argues that the United States should be forbidden to participate in this appeal because the State and the United States had agreed that the United States would not seek a preliminary injunction in this case if New York would not turn off the nighttime lighting and navigational equipment at Republic Airport. The parties disagree entirely as to whether this bargain was ever struck. Compare Goldstein Affidavit 10 with Seibert Affidavit 5, 7. There is no need for us to resolve this conflict, however, because the terms of the alleged agreement would only prevent the United States from seeking injunctive relief. Beechcraft sought the injunctive relief and the United States is before us in opposition to a motion to vacate such relief and not in support of a motion to grant it.
 
 
 6
 New York also argues that the United States and AOPA should be forbidden to participate because "[s]tanding to appeal requires that a party be aggrieved by a lower court order." But this test need only be applied to New York because the State is appealing the lower court order. Even if this substantial interest test was applicable to appellants, the appellants here would pass it: the United States seeks to protect its constitutional and statutory supremacy and AOPA has alleged substantial economic injury akin to Beechcraft's. A test that would not include these parties would exclude New York as well. New York's motion is denied.