**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HUMANE SOCIETY OF THE UNITED
STATES; WILD FISH CONSERVANCY;
BETHANIE O'DRISCOLL; ANDREA
KOZIL,
            *Plaintiffs-Appellants,*

            v.

CARLOS M. GUTIERREZ, Secretary
of Commerce; JAMES W. BALSIGER;
JAMES LECKY,
            *Defendants-Appellees,*

WASHINGTON STATE DEPARTMENT OF
FISH AND WILDLIFE; STATE OF
OREGON DEPARTMENT OF FISH AND
WILDLIFE,
            *Defendants-Intervenors-*
                        *Appellees.*

No. 08-35305

D.C. No.
3:08-CV-00357-MO

ORDER

Filed April 23, 2008

Before: Betty B. Fletcher, Raymond C. Fisher and
Richard A. Paez, Circuit Judges.

---

## ORDER

This is an emergency motion for a stay pending appeal of
the district court's denial of a preliminary injunction and Cir-
cuit Rule 3-3 applies.

Defendants-Intervenors-Appellees States of Washington,
Oregon and Idaho ("States") received approval under Section

4625

120 of the Marine Mammal Protection Act ("MMPA") from Defendant-Appellee National Marine Fisheries Service ("NMFS") to lethally remove individual pinnipeds, specifically California sea lions, currently preying on salmon below the Bonneville Dam on the Columbia River ("NMFS Approval"). The NMFS Approval allows the lethal taking of up to 85 California sea lions annually, and is valid until June 30, 2012. The States anticipate commencing the California sea lion removal on April 24, 2008.

The district court denied Plaintiff-Appellant Humane Society of the United States's ("HSUS") request for a preliminary injunction, finding that, while appellants had a slight edge on the merits of their case, the balance of harms tipped in favor of appellees.

Appellants seek an emergency injunction pending appeal to stay execution of the NMFS Approval. Appellees oppose the motion for an emergency injunction.

In deciding whether to issue a stay pending appeal, the court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citations omitted). This court recognizes that the issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.*

Three facts inform the court's analysis of this motion. First, the lethal taking of the California sea lions is, by definition, irreparable. This logic also applies to the salmon consumed by the sea lions. Second, any stay of the NMFS Approval by this

court at this time will affect only the 2008 salmon run at the Bonneville Dam, as we expect this case will be resolved on the merits before next year's salmon run. Third, all parties agree that the 2008 salmon run is estimated to be large, indeed much larger than in the past several years.

Accordingly, we conclude that, with respect to the impact on the 2008 salmon run, the balance of harms tips in favor of the appellants. The estimated 2008 salmon run is anticipated to be 269,000 fish. The NMFS estimates that, if the plans to remove the sea lions this year do not go forward, the sea lions may consume between 212 to 2,094 Endangered Species Act-listed spring Chinook salmon, which the NMFS estimates is 0.3 to 4.4 percent of these protected fish. Appellees thus have not shown that a stay pending appeal of the NMFS Approval will result in an irreparable harm to appellees.

The district court found the question of likelihood of success on the merits tips slightly in favor of appellants. Accordingly, we hold that appellants have met their burden for a stay pending appeal. Therefore, appellants' motion for an emergency injunction pending appeal is granted in part.

The States' authorized action to manage California sea lion predation at the Bonneville Dam is stayed to the extent their proposed actions involve the lethal taking of any sea lions. However, appellees have stated that they have the ability to transfer up to 19 California sea lions to zoos and aquaria. The court does not stay that portion of the NMFS Approval, and the States may proceed with the capture and relocation of such California sea lions at this time.

In addition, and consistent with the above discussion, the court sua sponte expedites this appeal. The parties may stipulate to proceed on the briefing already submitted in this appeal. In the alternative, the parties shall file simultaneous briefs on the merits. The opening briefs are due in the Clerk's

office by May 1, 2008. Response briefs are due in the Clerk's office by May 5, 2008.

The Clerk shall calendar this case for oral argument on May 8, 2008 at 10:00 a.m. in Pasadena, California. The court anticipates that proceedings on the merits in the district court meanwhile will go forward pending this appeal.

**SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.