**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALIFORNIA PHARMACISTS
ASSOCIATION; CALIFORNIA MEDICAL
ASSOCIATION; CALIFORNIA DENTAL
ASSOCIATION; CALIFORNIA
ASSOCIATION FOR ADULT DAY
SERVICES; MARIN APOTHECARY, INC.
DBA Ross Valley Pharmacy;
SOUTH SACRAMENTO PHARMACY;
FARMACIA REMEDIES, INC.; ACACIA
ADULT DAY SERVICES; FEY GARCIA;
CHARLES GALLAGHER,
                              *Plaintiffs,*

            and

CALIFORNIA HOSPITAL ASSOCIATION;
SHARP MEMORIAL HOSPITAL;
GROSSMONT HOSPITAL CORPORATION;
SHARP CHULA VISTA MEDICAL
CENTER; SHARP CORONADO
HOSPITAL AND HEALTHCARE CENTER,
                    *Plaintiffs-Appellants,*

            v.

DAVID MAXWELL-JOLLY, Director of
the Department of Health Care
Services, State of California,
                    *Defendant-Appellee.*

No. 09-55365

D.C. No.
2:09-cv-722-CAS-
MAN
Central District of
California,
Los Angeles

ORDER

Filed April 6, 2009

4215

Before: Stephen Reinhardt, Marsha S. Berzon, and
Milan D. Smith, Jr., Circuit Judges.

## ORDER

Plaintiffs-Appellants, the California Pharmacists Association, et al., filed this suit to challenge the Medi-Cal reimbursement rate reductions to various providers as set forth in AB 1183. A group of the plaintiffs, the Hospital Plaintiffs, which comprises the California Hospital Association and some individual hospitals, filed a motion in the district court for a preliminary injunction to enjoin the defendant from reducing Medi-Cal fee-for-service rates to hospitals,[1] arguing that AB 1183 was enacted in violation of § 1396a(a)(30)(A) of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* (§ (a)(30)(A)). The district court denied the preliminary injunction. The Hospital Plaintiffs filed an Emergency Motion Pursuant to Circuit Rule 27-3 for Preliminary Injunction Pending Appeal.

We review the denial of a preliminary injunction for abuse of discretion. *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156 (9th Cir. 2006). A district court abuses its discretion in denying a request for a preliminary injunction if it "base[s] its decision on an erroneous legal standard or clearly erroneous findings of fact." *Id.* (citation omitted). It also does so if in reaching its decision it makes a material error of law. We review conclusions of law de novo and findings of fact for clear error. *Id.*

Plaintiffs seeking a preliminary injunction in a case in which the public interest is involved must establish that they

---

[1]Specifically, the Hospital Plaintiffs sought to enjoin the rate reductions as to four types of services: (1) inpatient services for non-contract hospitals, (2) outpatient services, (3) Distinct Part Nursing Facilities, and (4) subacute services.

are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008). When deciding whether to issue a stay, including a stay of a state action that the district court has declined to enjoin, we consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Humane Soc'y of U.S. v. Gutierrez*, 527 F.3d 788, 789-90 (9th Cir. 2008).

In this case, the district court found that the Hospital Plaintiffs were likely to succeed on the merits, but that they failed to demonstrate irreparable harm. We address these issues in turn, and, in view of the time-urgency and the irreparability of the harm, also consider the other *Winter* factors which necessarily follow.

## I. Likelihood of Success on the Merits

In *Orthopaedic Hospital v. Belshe*, 103 F.3d 1491 (9th Cir. 1997), we held that 42 U.S.C. § 1396a(a)(30)(A) requires the state to consider efficiency, economy, quality of care, and access before setting Medi-Cal reimbursement rates. *Id.* at 1496. The district court concluded that the Hospital Plaintiffs have shown a likelihood of success on the merits under *Orthopaedic* because the Legislature did not consider any such factors before passing the rate cuts in AB 1183. The court ruled that although the Department of Health Care Services (the Department) had performed some studies after AB 1183's passage, those post-hoc studies failed to meet the requirements of *Orthopaedic*, 103 F.3d at 1496. It noted that AB 1183 gives the Department no discretion to alter the rate cuts based on the Department's own analysis, and, therefore,

the cuts were not "based on" the Department's consideration of the relevant factors, but instead constituted a post-hoc rationalization for a legislative decision that had already been made. *Cal. Pharmacists Ass'n v. Jolly*, No. 09-722, slip op. at 9-11 (C.D. Cal. Mar. 9, 2009). Moreover, the district court determined that, although the state Legislative Analyst Office issued a report analyzing the proposed cuts, there was no evidence the legislature actually considered the report before enacting AB 1183. *Id.* at 10 n.8.

We conclude that the district court did not abuse its discretion in concluding that the Hospital Plaintiffs demonstrated a likelihood of success on the merits. Indeed, the Hospital Plaintiffs made a strong showing of such likelihood.

## II.  Irreparable Harm

The Hospital Plaintiffs must also show a likelihood of irreparable harm. *See Winter*, 129 S.Ct. at 375.

### A.  Harm

We first address the type of harm we may consider in the irreparable harm analysis. The Department argues that only harm to Medi-Cal beneficiaries is relevant to this motion, while the Hospital Plaintiffs assert that harm to Medi-Cal service providers is also relevant, and that they need show only the latter type of harm, in this case harm to themselves or their members, in order to obtain injunctive relief. The Hospital Plaintiffs further claim that they or their members will lose considerable revenue between the effective date of AB 1183 and the date their claims can be reviewed on the merits if injunctive relief is denied.

We agree with the Hospital Plaintiffs. In *Independent Living Center v. Shewry* (*ILC*), we held that "a plaintiff seeking injunctive relief under the Supremacy Clause on the basis of federal preemption need not assert a federally created 'right,'

in the sense that term has recently been used in suits brought under § 1983, but need only satisfy traditional standing requirements." 543 F.3d 1050, 1058 (9th Cir. 2008). We rejected the contention that federal statutes enacted pursuant to Congress's spending power, such as the one here at issue, are excluded from this principle, *id.* at 1059-62, and concluded that the health care providers in that case (which at that point did not include hospitals) had standing because:

> [A]ccording to their complaint, [they] will be "directly injured, by loss of gross income," when the ten-percent rate reduction takes effect. The Supreme Court "repeatedly has recognized that such [direct economic] injuries establish the threshold requirements" of Article III standing. . . . Moreover, this injury is directly traceable to the Director's implementation of AB 5 [the statute at issue in that case], and would certainly be redressed by a favorable decision of this court enjoining the ten-percent rate reduction.

*Id.* at 1065. Notably, *ILC* did *not* indicate that the service providers had standing to assert the interests of the beneficiary plaintiffs as third parties, as, for example, the medical service providers do in cases concerning the constitutional rights of patients. *See, e.g.*, *Eisenstadt v. Baird*, 405 U.S. 438 (1972). A cause of action based on the Supremacy Clause obviates the need for reliance on third-party rights because the cause of action is one to enforce the proper constitutional structural relationship between the state and federal governments and therefore is not rights-based. In contrast, a case brought to enforce the Due Process or Equal Protection Clauses is rights based, and requires that the rights of *someone* be advanced, even if not the rights of the plaintiffs who have been injured.

Consistent with this understanding, in the various precedents cited throughout the *ILC* opinion in which plaintiffs brought cases directly under the Supremacy Clause, the inter-

ests asserted were basically economic, and there was no inquiry into whether the plaintiffs asserting the economic injury were in any sense intended beneficiaries of the federal statute on which the Supremacy Clause cause of action was premised. For example, in *Bud Antle, Inc. v. Barbosa,* one of the cases upon which we relied in *ILC*, we held that employers could sue to enjoin a California statute as preempted by the National Labor Relations Act (NLRA) "regardless of whether the NLRA conferred a federal 'right' on employers." 45 F.3d 1261, 1271 n.13 (9th Cir. 1994). It was for that very reason that we concluded the § 1983 cases were inapposite, and that *Sanchez v. Johnson*, 416 F.3d 1051 (9th Cir. 2005), did not preclude the plaintiffs' suit. Essentially, the line of cases on which we relied held that private parties could enforce the structural relationship between the federal and state governments so long as they had Article III standing as, essentially, private enforcers of the Supremacy Clause; the specific relationship of those parties to the federal statute on which the Supremacy Clause cause of action is premised does not matter.

Given these underpinnings of *ILC,* there is little basis on which to import an "intended beneficiary" concept back into the case for purposes of determining irreparable injury. Applying this determination to the present motion, it is clear that AB 1183 harms the Hospital Plaintiffs and their members through reductions in Medi-Cal revenue payments.

## B.   Irreparability of Harm

Having determined that the Hospital Plaintiffs have shown unlawful harm under § (a)(30)(A), we next consider whether the harm is irreparable. Typically, monetary harm does not constitute irreparable harm. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). The Hospital Plaintiffs argue that in this case, however, the monetary injury is irreparable because the Eleventh Amendment sovereign immunity of the Department (a branch of the

State of California government) bars the Hospital Plaintiffs from ever recovering damages in federal court. The most relevant authority on this issue—though not controlling—supports the Hospital Plaintiffs' argument. *See Kan. Health Care Ass'n v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1543 (10th Cir. 1994) ("Because the Eleventh Amendment bars a legal remedy in damages . . . the court held that plaintiffs' injury was irreparable. We agree."). We note also that Supreme Court case law and some of our own cases clarify that economic damages are not traditionally considered irreparable *because the injury can later be remedied by a damage award. See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 ("It is true that economic injury alone does not support a finding of irreparable harm, *because such injury can be remedied by a damage award*." (emphasis added)); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 676 (9th Cir. 1988); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987); *Colo. River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850-51 (9th Cir. 1985); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury . . . will not constitute irreparable harm *if adequate compensatory relief will be available in the course of litigation*." (emphasis added)).

Because the economic injury doctrine rests only on ordinary equity principles precluding injunctive relief where a remedy at law is adequate, it does not apply where, as here, the Hospital Plaintiffs can obtain no remedy in damages

against the state because of the Eleventh Amendment. *See Kan. Health Care Ass'n*, 31 F.3d at 1543.[2]

Considering the relevant authorities, we are persuaded that because the Hospital Plaintiffs and their members will be unable to recover damages against the Department even if they are successful on the merits of their case, they will suffer irreparable harm if the requested injunction is not granted.

## III.  Equities and the Public Interest

The district court did not reach the question of the equities and the public interest. Although the state argues that these factors weigh in its favor because an injunction will worsen the state's budget crisis, the record reflects that the impact of a stay on the budget crisis will be minimal at most. Further, it is clear that it would not be equitable or in the public's interest to allow the state to continue to violate the requirements of federal law, especially when there are no adequate remedies available to compensate the Hospital Plaintiffs for the irreparable harm that would be caused by the continuing violation. In such circumstances, the interest of preserving the Supremacy Clause is paramount. *See Am. Trucking Ass'n v. City of Los Angeles*, ___ F.3d ___, 2009 WL 723993, at *12 (9th Cir. Mar. 20, 2009) (considering the public interest represented by "the Constitution's declaration that federal law is to be supreme").

---

[2]We observe that, although damages may become available to the Hospital Plaintiffs in state court, persuasive authority suggests that federal courts may consider only what *federal* remedies are available. *See United States v. New York*, 708 F.2d 92, 93-94 (2d Cir. 1983) (per curiam) (holding that "federal courts may consider only the available *federal* legal remedies"). *But see Kan. Health Care Ass'n*, 31 F.3d at 1543 ("Because the Eleventh Amendment bars a legal remedy in damages, *and the court concluded no adequate state administrative remedy existed*, the court held that plaintiffs' injury was irreparable. We agree." (emphasis added)). We find the reasoning of *New York* to be more persuasive, and consider *only* prospective federal remedies for the purpose of gauging whether the harm caused to the Hospital Plaintiffs and their members is irreparable.

In light of the showing made by the Hospital Plaintiffs in this case, we grant their motion for an order staying the rate cuts in AB 1183 with respect to the specified hospital services pending their appeal to this court of the district court's order denying the motion for preliminary injunction.

**MOTION FOR STAY PENDING APPEAL IS GRANTED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.