MEMORANDUM **
Plaintiff Alice H. Morgan appeals, and Defendant Chicago Title Insurance Company cross-appeals, the district court’s judgment in favor of Plaintiff on one claim and the order of limited attorney’s fees and prejudgment interest to Plaintiff. We affirm.
1. Reviewing de novo, United States v. Perez, 475 F.3d 1110, 1112 (9th Cir.2007), we hold that the district court correctly recognized that it was bound by the mandate in Morgan v. Chicago Title Insurance Co. (“Morgan II”), 230 Fed.Appx. 656 (9th Cir.2007) (unpublished decision) (affirming in part, reversing in part, and remanding for further proceedings). To the extent that Plaintiff argues that we should reconsider our decision in Morgan II under an exception to the law of the case doctrine, we decline to do so because none of the exceptions applies here. See Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir.1997) (listing the exceptions).
2. The district court did not err in granting judgment in favor of Plaintiff on the compensatory damages claim. See Morgan II, 230 Fed.Appx. at 658 (remanding for further proceedings on this point). The district court did not clearly err in finding that the surrender of the $30,096.64 judgment was reasonable and in good faith. See Cal. Pharmacists Ass’n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir.2009) (order) (holding that we review factual findings for clear error). Nor did the district court commit legal error. See id. (holding that we review de novo the district court’s legal conclusions).
3. The district court did not abuse its discretion or otherwise err in awarding attorney’s fees to Plaintiff. See Avery v. First Resolution Mgmt. Corp., 568 F.3d 1018, 1021 (9th Cir.2009) (holding that we review for abuse of discretion a district court’s award of attorney’s fees), petition for cert, filed, 78 U.S.L.W. 3113 (U.S. Aug. 14, 2009) (No. 09-300). Plaintiff’s arguments challenging the correctness of Morgan II were plainly foreclosed by the rule of mandate; the district court reasonably declined to award attorney’s fees for the hours spent on those arguments. The district court’s 10% reduction for Plaintiffs use of quarter-hour billing was not an abuse of discretion. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949 (9th Cir.2007). The district court properly rejected Plaintiffs arguments that this case materially differed from Welch. The district court correctly held that there is no 25% cap on attorney’s fees here, where the fees are awarded pursuant to Hawaii Revised Statutes section 431:10-242. In determining reasonable attorney’s fees, the district court correctly applied Hawaii law, as described in Schefke v. Reliable Collection Agency, Ltd., 96 Hawai’i 408, 32 P.3d 52, 89 (2001). Finally, the district court’s ultimate determination of reasonable attorney’s fees was within its discretion.
*7 4. The district court did not abuse its discretion or otherwise err in awarding prejudgment interest under state law. See Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1020 (9th Cir.2003) (holding that we review for abuse of discretion the district court’s award of prejudgment interest under state law). The district court’s determination of the commencement date for purposes of calculating prejudgment interest was within its discretion. See Haw.Rev.Stat. § 636-16 (“In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case.... ”); Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1088 (9th Cir.2003) (discussing the district court’s discretion concerning the award of prejudgment interest under Hawaii Revised Statutes section 636-16).
AFFIRMED. The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.