MEMORANDUM *
The California Bureau of Gambling Control and the Sacramento County Sheriff bring this appeal from the entry of a preliminary injunction. The appellees — individuals with disabilities, not-for-profit organizations that raise funds by offering bingo, and a manufacturer of certain electronic bingo games — allege that a recently- *92 enacted California law expressly banning certain electronic bingo machines, 2008 Senate Bill 1369, amending Cal. Pen.Code § 326.5 et seq.,[1] runs afoul of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34. The district court granted a preliminary injunction prohibiting California state and local law enforcement, including appellants the California Bureau of Gambling Control and the Sacramento County Sheriff, “from taking any enforcement action against and/or interfering with the play of charitable bingo on electronic machines in any way.” We hold that the district court abused its discretion in granting the injunction and therefore reverse.[2]
I
“A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.” Winter v. Natural Res. Def. Council, Inc., - U.S. -, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). In each case in which a party seeks a preliminary injunction, “courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.” Id. at 376 (internal quotation marks and citation omitted). “A preliminary injunction is an extraordinary remedy never awarded as of right,” id. at 376, and where the party seeking a preliminary injunction fails to satisfy any one of the Winter factors, the preliminary injunction must be denied. Id. at 375-76.
II
Here, plaintiffs failed to show that they were likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tipped in their favor, and that an injunction was in the public interest.[3] The district court therefore abused its discretion in granting plaintiffs’ motion for a preliminary injunction.
A
We have held “that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined.” Coal, for Econ. Equity v. Wilson, 122 F.3d 718, 719 (9th Cir.1997). Whatever qualms the district court may have had about the swiftness of its enactment, Senate Bill 1369 was passed by the California Legislature and signed into law by the state’s governor. It is therefore “an enactment of ... [California’s] representatives,” the injunction of which irreparably harms appellants under this court’s precedent.
As to the harm the plaintiffs must show, the Supreme Court has emphasized that “recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of *93 injunctions against state officers engaged in the administration of the states’ criminal laws in the absence of irreparable injury which is both great and immediate.” City of Los Angeles v. Lyons, 461 U.S. 95, 112, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Here, neither the charitable organization plaintiffs nor the disabled plaintiffs demonstrated that they would suffer any “great and immediate” irreparable injury in the absence of a preliminary injunction.
The charitable organization plaintiffs assert that not having electronic bingo machines will significantly hinder their fund-raising ability, but monetary injuries to these plaintiffs are not irreparable. It is true that this circuit has held that, in some circumstances, monetary injuries may be irreparable if Eleventh Amendment sovereign immunity will bar a party from ever recovering those damages in federal court, California Pharmacists Ass’n v. Maxwell-Jolly, 563 F.3d 847, 851-52 (9th Cir.2009), but we need not delve into that issue here. Senate Bill 1369 created a Charity Bingo Mitigation Fund, from which funds are made available to charitable organizations for the very purpose of mitigating the financial impact of the law. Cal. PemCode § 326.4 et seq. We conclude that the charitable association plaintiffs have not shown that they face “great and immediate” irreparable harm.
By contrast, the disabled plaintiffs maintain that, in the absence of a preliminary injunction, they (like everyone else in California) will be prevented from playing electronic bingo. That may be true, but they (like everyone else in California) will still be able to play live call bingo, and they will be able to use the electronic and non-electronic aids expressly available under state and local law. The temporary inability of the disabled plaintiffs to play a game illegal to all other individuals in California cannot be deemed a “great and immediate” harm. Moreover, plaintiffs have not explained why such harm could not meaningfully be remedied in a subsequent claim for damages.
B
A party seeking injunctive relief “must establish ... that the balance of equities tips in his favor.” Winter, 129 S.Ct. at 374. In assessing whether a party has met this burden, the district court has a “duty ... to balance the interests of all parties and weigh the damage to each.” L.A. Mem’l Coliseum Comm’n v. Nat’l Football League, 634 F.2d 1197, 1203 (9th Cir.1980).
Here, the balance of equities does not favor injunctive relief. The State of California and Sacramento County have strong interests in regulating gambling and in enforcing their criminal laws, and the damage to these interests from the preliminary injunction is quite serious. By contrast, the disabled plaintiffs seek to gamble using electronic machines that are unavailable under state law to everyone else in California, and the charitable organization plaintiffs seek to raise money through the use of these illegal machines. Had the district court correctly “balance[d] the interests of all parties and weighted] the damage to each,” id., it could not have held that the balance of equities favored granting the injunction.
C
Finally, the district court also abused its discretion in holding that a preliminary injunction was in the public interest. “In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.” Winter, 129 S.Ct. at 376-77 (quotation marks and citation omitted). *94 But in this case, as in Winter itself, “[t]he district court did not give serious consideration to the public interest factor.” Id. at 378 (quotation marks and citation omitted; alteration in original).
Here, the preliminary injunction conflicted with the public interest in two ways: first, by frustrating the public’s interest in strictly regulating gambling, including charitable bingo, and second, by frustrating the public’s interest in the enforcement of state and local criminal laws. The State of California has strictly regulated gambling in general, and bingo in particular, for decades, not only by statute but by its Constitution. See Cal. Const, art. IV, § 19(c). In the past year, California’s legislature and its governor — the public’s elected representatives — approved a law both proscribing the precise electronic bingo machines at issue in this case and providing for accommodations for disabled persons wishing to play live call bingo. The people of California have thus repeatedly expressed, and recently reaffirmed, their interest in strictly regulating gambling in their state, including charitable bingo. As for the public’s interest in the enforcement of state and local criminal laws, no further explication is necessary.
Ill
In sum, the district court abused its discretion in granting the preliminary injunction, as plaintiffs failed to satisfy the irreparable harm, balance of equities, and public interest prongs of the Winter test. The judgment is reversed and the case remanded to the district court.
The panel will retain jurisdiction in this case.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Senate Bill 1369 amended the California Penal Code in two ways: (1) it specifically outlawed most electronic bingo machines, Cal. Pen.Code § 326.5(0), and (2) it specifically allowed certain electronic accommodations for the play of live call bingo, id. § 326.5(p) et seq.

. As the parties are familiar with the facts and proceedings, we will not repeat them here except as necessary to explain our reasoning.

.Because we hold that plaintiffs failed to satisfy the irreparable harm, balance of equities, and public interest prongs of the Winter test, we do not address plaintiffs’ likelihood of success on the merits of their claims. See Winter, 129 S.Ct. at 381.