FILED

NOT FOR PUBLICATION

MAY 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTA ROSA MEMORIAL HOSPITAL,
a California corporation; et al.,

            Plaintiffs - Appellees,

   v.

DAVID MAXWELL-JOLLY, Director of
the California Department of Health Care
Services,

            Defendant - Appellant.

No. 09-17633

D.C. No. 3:08-cv-05173-SC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

    David Maxwell-Jolly, the Director of the California Department of Health

Care Services (Director), appeals a preliminary injunction prohibiting him from

implementing 10 percent Medicaid reimbursement rate reductions against

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plaintiffs.  The district court held that Plaintiffs demonstrated a likelihood of success on the merits that the rate reductions violate 42 U.S.C. § 1396a(a)(30)(A), which requires states to ensure that Medicaid reimbursements are consistent with "efficiency, economy, and quality of care."  We affirm.

Plaintiffs have demonstrated a likelihood of success on the merits.  This appeal is controlled by *California Pharmacists Association v. Maxwell-Jolly*, where we granted a motion for a stay of AB 1183's Medicaid reimbursement rate reductions.  563 F.3d 847, 849, 853 (9th Cir. 2009).  Quoting the district court's order, we reasoned that "AB 1183 gives the [Department of Health Care Services] no discretion to alter the rate cuts based on the Department's own analysis, and, therefore, the cuts were not 'based on' the Department's consideration of the relevant factors, but instead constituted a post-hoc rationalization for a legislative decision that had already been made." *Id.* at 850.  AB 5 similarly gives the Department of Health Care Services no discretion to alter the rate cuts at issue here.

The Director's attempts to distinguish *California Pharmacists Association* are unavailing.  Even assuming the California Assembly could fulfill 42 U.S.C. § 1396a(a)(30)(A)'s procedural requirements, AB 5 does not constitute a "responsible cost stud[y]" as described by *Orthopaedic Hospital v. Belshe*, 103

F.3d 1491, 1496 (9th Cir. 1997). The Toby Douglas declaration concerning the California Assembly's motivation for passing AB 5 similarly fails to demonstrate that any entity conducted a cost study. **[ER at 1146-47]**

Plaintiffs will also suffer irreparable harm absent an injunction. As recognized by *California Pharmacists Association*, Plaintiffs cannot recover unlawfully withheld Medicaid reimbursements in a federal suit for damages due to California's sovereign immunity. *See* 563 F.3d at 851-52.

The district court also did not abuse its discretion in finding that the equities and public interest weigh in favor of Plaintiffs. As stated by this court in *Independent Living Center of Southern California, Inc. v. Maxwell-Jolly*, "there is a robust public interest in safeguarding access to health care for those eligible for Medicaid, whom Congress has recognized as the most needy in the country." 572 F.3d 644, 659 (9th Cir. 2009) (internal quotation marks omitted). The district court did not err in finding the same equities weigh in favor of Plaintiffs in this case.

Finally, the district court did not err in declining to require Plaintiffs to post a bond under Federal Rule of Civil Procedure 65(c). This court has recognized that no bond or a nominal bond may be appropriate in cases involving the public interest. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005); *Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325-26

(9th Cir. 1985). The district court did not abuse its discretion in finding Plaintiffs' action for Medicaid reimbursements falls within that class. In addition, we did not require the posting of a bond in either *Independent Living* or *California Pharmacists Association*.

The Director's remaining contentions are without merit.

**AFFIRMED.**