**v.**

**Susan DREYFUS, in her professional capacity as Secretary of Washington State Department of Social and Health Services, and Washington State Department of Social and Health Services, a Department of the State of Washington, Defendants–Appellees.**

**No. 11–35026.**

United States Court of Appeals, Ninth Circuit.

Jan. 14, 2011.

Stephen P. Berzon, Altshuler Berzon LLP, Stacey Leyton, Altshuler Berzon LLP, Matthew John Murray, San Francisco, CA, Andrea Brenneke, MacDonald Hoague & Bayless, Seattle, WA, for Plaintiffs–Appellants.

M. R., pro se.

AN. B., pro se.

A. R., pro se.

J. H., pro se.

Andrea Brenneke, pro se.

Anne E. Egeler, Assistant Attorney General, Edward J. Dee, Senior, William Bruce Work, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER, REINHARDT, and N.R. SMITH, Circuit Judges.

## ORDER

Appellants' motion to file an oversized emergency motion is granted. Appellees' motion to file an oversized opposition to the emergency motion is granted. Appellees' motion to strike the reply brief is denied.

Appellants' emergency motion for injunctive relief comes to us in the context of an appeal of the district court's denial of a temporary restraining order ("TRO"). Because the district court took the hearing for the motion for preliminary injunction off calendar, the denial of the TRO is tantamount for present purposes to the denial of a motion for preliminary injunction. *Environmental Defense Fund, Inc. v. Andrus,* 625 F.2d 861 (9th Cir.1980).

Appellants' motion for a stay prohibiting the State of Washington from implementing emergency regulation WSR 11–02–041 is granted pending the district court ruling on appellants' motion for preliminary injunction. *See Cal. Pharmacists Ass'n v. Maxwell–Jolly,* 563 F.3d 847, 849–50 (9th Cir.2009) (order). Here, instead of proceeding with the preliminary injunction hearing, the district court cancelled that hearing. No other relief is available that will remedy the irreparable injury which continues to occur pending such hearing.

The briefing schedule established previously is vacated.

N.R. SMITH, Circuit Judge, dissenting:

An order denying a temporary restraining order ("TRO") is generally not appealable because of the policy against piecemeal review. *See Religious Tech. Ctr. v. Scott,* 869 F.2d 1306, 1308 (9th Cir.1989). The Ninth Circuit has carved out two narrow exceptions to this general rule of non-appealability: (1) where the order has the effect of denying a preliminary injunction; and (2) where the order effectively decides the merits of the action. *Id.* at 1308–1309. Neither exception is applicable here; the general rule is applicable to this order. At the time appellants filed their notice of appeal in this matter, their motion for preliminary injunction was still pending in the district court. In fact, such motion was to be heard today. Instead, appellants appealed this TRO decision and the court stayed the preliminary injunction hearing because of that appeal. Thus, this court lacks jurisdiction over this appeal of the denial of the TRO. *See id.*

Now, we are asked to find that the district court abused its discretion in its January 5, 2011 order denying the TRO, when the appellants (1) did not file their motion for emergency relief until January 10, 2011; (2) never requested in writing that the motion be decided today; and (3) did not file the reply in support of their emergency motion with the court on time. This is not an appropriate case for our court to ignore our procedure and grant a TRO.

Lastly, a TRO, like a preliminary injunction, is "an extraordinary remedy never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). It may be granted if the plaintiff shows "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Id.* at 374 (rejecting the Ninth Circuit's previous, more lenient standard). Alternatively, it may be granted upon showing that there are "serious questions going to the merits," and "the balance of hardships tips sharply in the plaintiff's favor," but only if "the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1052–53 (9th Cir.2010). In this case, the district court found that there was not a credible likelihood of irreparable injury to the plaintiffs, the balance of equities favored the state, and that a TRO would not be in the public interest.

This court reviews a district court decision not to grant a TRO for abuse of discretion. *Id.* at 1049. "We will not reverse the district court where it got the law right, even if we would have arrived at a different result, so long as the district court did not clearly err in its factual determinations." *Id.*

Based on this record and reviewing the district court's order, I cannot join my colleagues because (1) we have no jurisdiction to grant this TRO; and (2) the district court did not abuse its discretion in refusing to grant this extraordinary remedy. Instead, based on this record, neither the district court's application of this circuit's precedent nor its findings of fact were erroneous.