**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANTA ROSA MEMORIAL HOSPITAL, a California corporation; ST. HELENA HOSPITAL, a California corporation; QUEEN OF THE VALLEY MEDICAL CENTER, a California corporation; CENTRAL VALLEY GENERAL HOSPITAL, a California corporation; SAN JOAQUIN COMMUNITY HOSPITAL, a California corporation; SAN ANTONIO COMMUNITY HOSPITAL, a California corporation; CHILDREN'S HOSPITAL AT MISSION, a California corporation, dba as CHOC at Mission; SADDLEBACK MEMORIAL MEDICAL CENTER, a California corporation; ORANGE COAST MEMORIAL MEDICAL CENTER, a California corporation; ANAHEIM MEMORIAL MEDICAL CENTER, a California corporation; HOAG MEMORIAL HOSP., a California corporation; HEART HOSPITAL OF BK, LLC, a North Carolina limited liability company, dba Bakersfield Heart Hospital; JOHN MUIR HEALTH, a California corporation, dba John Muir Medical Center-Concord Campus and as John Muir Medical Center-Walnut Creek Campus; | No. 09-17633<br><br>D.C. No. 3:08-cv-05173-SC<br><br>MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SRM ALLIANCE HOSPITAL SERVICES, a California corporation dba Petuluma Valley Hospital; LANCASTER HOSPITAL CORPORATION, a California corporation, dba Lancaster Community Hospital; FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER, a California corporation; MISSION HOSPITAL REGIONAL MEDICAL CENTER, a California corporation, dba Mission Hospital,

Plaintiffs - Appellees,

v.

Toby Douglas, Director of the California Department of Health Care Services,

Defendant - Appellant.

On Remand from the United States Supreme Court

Before: HUG, SILVERMAN, and McKEOWN, Circuit Judges.**

The Director of the California Department of Health Care Services ("DHCS") appeals the district court's order granting Plaintiffs, which are various hospitals providing Medi-Cal services, a preliminary injunction prohibiting DHCS

_____

** On August 12, 2013, Judge Silverman was drawn to replace the late Judge Pamela Rymer.

2

from implementing Medicaid reimbursement rate reductions. The district court held that Plaintiffs had demonstrated a likelihood of succeeding on the merits of their claim that the rate reductions violate 42 U.S.C. § 1396a(a)(30)(A), reasoning that the statute required DHCS to consider cost studies and specified factors before making the rate changes and that DHCS had not complied with these procedural requirements. We initially affirmed. *See Santa Rosa Mem'l Hospital v. Maxwell-Jolly*, 380 F. App'x 656 (9th Cir. 2010). However, there have been a number of developments since this appeal initially was before us. The rate reductions have been repealed, the Centers for Medicare and Medicaid Services ("CMS") approved rate reductions for a particular period prior to the effective repeal date, and, in *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 132 S. Ct. 1204 (2012), the Supreme Court vacated our previous memorandum disposition and remanded the case to us to consider what impact CMS's approval of the rate reductions has on this case. In addition, we recently recognized in *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235, 1249-50 (9th Cir. 2013), that § 30(A) does not require a state to employ any particular methodology, such as cost studies, when deciding to change Medicaid

3

reimbursement rates. We now reverse the district court's order, vacate the preliminary injunction, and remand.[1]

As an initial matter, because the preliminary injunction continues to prevent DHCS from implementing rate cuts for the period between January 1, 2011 and April 12, 2011, we deny Plaintiffs' June 26, 2013 motion to dismiss this appeal as moot. *See In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012); *see also Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 571-72 (1984); *Dexter v. Kirschner*, 984 F.2d 979, 981 n.2 (9th Cir. 1992).

We also deny Plaintiffs' request that we dismiss the entire case without prejudice. In their supplemental brief, Plaintiffs suggest that the § 30(A) issue no longer should be resolved in this Supremacy Clause case, but instead should now be litigated in an action under the Administrative Procedure Act action, which is an action in federal court. However, Plaintiffs then contend that their Supremacy Clause action is moot, and they ask us to vacate the preliminary injunction and dismiss the entire case without prejudice so that they can pursue their § 30(A) claim *in state court*. If an action becomes moot pending appeal, we have the authority to consider mootness in the first instance and to order the district court to

---

[1]We also grant DHCS's October 9, 2013 Request for Judicial Notice and Plaintiffs' October 22, 2013 Request for Judicial Notice.

dismiss an action. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1131-32 (9th Cir. 1986). However, this case has not become moot pending appeal. There remains a live controversy concerning whether DHCS may implement the rate cuts for the disputed 2011 period.[2]

Plaintiffs direct us to no authority permitting us to decide, in the first instance, whether to grant an appellee's request for voluntary dismissal of an action without prejudice while the appeal of a preliminary injunction is before us. Moreover, even if we had such authority, we would decline to grant Plaintiffs' request because it appears that Plaintiffs seek the dismissal in an attempt to deny DHCS a sovereign immunity defense, to evade a federal forum for the litigation of federal issues after final action by a federal agency, and to avoid adverse rulings by federal courts interpreting federal law. *See Westlands Water Dist. v. United States*,

---

[2]Plaintiffs contend that the case will be moot due to DHCS's sovereign immunity defense to Plaintiffs' request for retrospective relief. However, Plaintiffs are confusing the merits of their case with mootness. Contrary to Plaintiffs' contentions, even assuming that sovereign immunity ultimately will provide DHCS with a complete defense on remand, the case is not moot. *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023-25 (2013) (explaining that the prospects for success in an action are "not pertinent to the mootness inquiry"); *see also Powell v. McCormack*, 395 U.S. 486, 500 (1969).

100 F.3d 94, 97 (9th Cir. 1996); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986).

We now proceed to the merits of the appeal. We review the grant of a preliminary injunction for abuse of discretion, and a district court necessarily abuses its discretion when it applies an incorrect legal standard with regard to the underlying issues in the case. *McCormack v. Hiedeman*, 694 F.3d 1004, 1010 (9th Cir. 2012). We therefore review the district court's legal rulings de novo. *Indep. Living Ctr. of S. Cal., Inc. v. Shewry*, 543 F.3d 1050, 1055 (9th Cir. 2008). In light of *Managed Pharmacy Care*, the district court abused its discretion when it erroneously interpreted § 30(A) to include procedural requirements such as cost studies. *See Managed Pharmacy Care*, 716 F.3d at 1249-50. Because the briefing and record are inadequate, we do not decide what impact CMS approval has on the propriety of granting Plaintiffs a preliminary injunction. Instead, we remand to the district court. *Cf. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 1000 (9th Cir. 2011) (per curiam); *Diouf v. Mukasey*, 542 F.3d 1222, 1234-35 (9th Cir. 2008).

We **REVERSE** the district court's order granting Plaintiffs' motion for a preliminary injunction, **VACATE** the preliminary injunction, and **REMAND** for further proceedings consistent with this disposition.

6